## SPEARS and Another *v.* WORK.

JUDGMENT.—MOTION TO RESTORE.—The court was equally divided in opinion upon the question whether a motion to restore a judgment, the record of which had been destroyed by fire, should contain a description of the contract, or cause of action, upon which the judgment was rendered.

APPEAL from the *Jasper* Circuit Court.

ELLIOTT and GREGORY, J. J.—The appellants filed a motion in writing, under section 20 of the statute, (2 G. & H. 650) to reinstate a judgment in the *Jasper* Circuit Court, the record of which had been destroyed by fire. The section referred to is as follows: "Any circuit, probate, or other inferior court of record, held in any county in this State, the records whereof have been or may be destroyed, in whole or in part, may, in term time, or at a special term or terms held by the judge thereof, in his discretion, the holding of which term or terms is hereby authorized, on motion, cause to be reinstated on the record any judgment or decree, or record of the issue and return of any writ of execution or order of sale, or any restraining or other interlocutory order or decree, before that time made or rendered in said court, or any recognizance or other undertaking of record, the record whereof has been destroyed."

Section 21 provides for notice to the defendant, and section 22 authorizes the defendant to "resist such motion by plea of *nul tiel record,* and no other, which shall be tried by the court, and upon such trial oral testimony shall be admitted; but strict proof of sums and dates shall not be required on the trial of such issue." It further provides that "if the defendant appear to such motion, or has had actual notice thereof, such judgment, decree, or other record, shall, when so reinstated of record, have the same force and effect that the original judgment, decree, or other record would have had, if the same had not been destroyed."

The written motion alleges that the plaintiffs, on the 15th

day of *September*, 1863, recovered judgment in said *Jasper* Circuit Court, against said defendant, for the sum of five hundred and ninety-six dollars and ninety cents, for their damages, and the further sum of ten dollars and seventy cents for their costs, in that behalf expended; that said judgment was rendered on a bond executed by the defendant to the plaintiffs for the payment of money; and that on the 18th day of *January*, 1865, the records of said court containing said judgment were destroyed by fire, and prays that said judgment be reinstated on the records of the court. The court sustained a demurrer to the motion on the ground that it did not state facts sufficient to constitute a cause of action. The objection urged to it is that it does not sufficiently identify the original cause of action, or offer any excuse for failing to do so.

The power conferred on the court is to reinstate on the record judgments, decrees, restraining and interlocutory orders and decrees, the record of the issue and return of writs of execution and orders of sale, and recognizances or other undertakings of record; but no power is given to the court to reinstate or perpetuate the evidence of the existence or contents of the pleadings in the cause, or the written instrument upon which the action was founded. That power, by other sections of the act, is conferred on a commissioner to be appointed by the board of commissioners of the proper county.

The motion in this case is to reinstate a judgment. It is made by the judgment plaintiffs, and the written statement or motion in such case need only contain a proper description of the judgment, with the averment that the record thereof has been destroyed. Here, it states the names of the parties to the judgment, the court in which, and the date when, it was rendered, and the amount thereof, and avers that it was rendered on a bond executed by the defendant to the plaintiff for the payment of money, and that the record thereof was destroyed by fire on the 18th day of *January*, 1865. These averments are made in plain, direct

and unequivocal language, and, to our minds, are clearly sufficient under the statute.

As a cause of action, the motion contains every averment that would be required, under the common law practice, in a declaration in an action of debt on a judgment, which should certainly be deemed sufficient under our present system of practice, and especially under the statute authorizing this proceeding.

FRAZER and RAY, J. J.—We are of opinion that the complaint was bad for failing to make such a statement of the contract upon which the judgment was obtained as would have enabled the court so to restore the record that the defendant might use it to protect himself against any subsequent suit for the same cause of action.

*R. S. Dwiggins* and *S. P. Thompson*, for appellants.

*E. P. Hammond* and *T. J. Spitler*, for appellee.