Cox *et al. v.* Stout, Administrator.

---

No. 8508.

## Cox et al. *v.* Stout, Administrator.

JUDGE.—*Postponement of Trial.—Practice.*—Objection to the action of the court in setting down a cause for immediate trial before a judge specially appointed to try the cause is not available in the Supreme Court unless the grounds of objection are shown by bill of exceptions.

PRACTICE.—*Continuance.*—There is no error in overruling a motion for delay of a cause, when no reason for delay is shown.

JUDGMENT.— *Decedents' Estates.*—An application to enforce a judgment against a decedent's estate, made under section 621, R. S. 1881, can not be objected to by the tenant of real estate against which the judgment is sought to be enforced on the ground that it fails to show whether or not there were assets in the hands of the administrator.

EVIDENCE.—*Record Reinstated.*—Where the record of a judgment, which has been destroyed, has been reinstated, it is admissible to prove the judgment, without producing also the pleadings.

SAME.—*Judgment.—Injunction.*—In an application to enforce a judgment under section 621, R. S. 1881, it is not error to put in evidence a record showing that there had been an injunction restraining the sale on execution of lands to satisfy the judgment.

SUPREME COURT.—*Practice.—Error.*—That a demurrer has been sustained to the answer of a defendant who does not appeal, can not be available error to another defendant who does appeal.

SAME.—An error which does not seem to have injured a defendant who appeals, there being others who do not appeal, is not available.

EVIDENCE.—*Practice.*—Where evidence has been admitted without objection, or without any ground of objection having been stated in the court below, no question can be made upon it in the Supreme Court.

SAME.—An objection to evidence, that "it is inadmissible and incompetent," is too indefinite to present any question.

From the Orange Circuit Court.

*J. Baker* and *W. W. Spencer*, for appellants.

*J. H. Stotsenburg*, for appellee.

BLACK, C.—Leonidas Stout, administrator of the estate of Eliza Bowles, deceased, brought this proceeding, and on the 5th of December, 1878, filed his amended complaint against James F. Stucker, administrator of the estate of William A. A. Bowles, deceased, Julia Bowles, his widow, William A. Dill and Mary M. Dill, grandchildren of said William A. Bowles, deceased, Nancy Cox and her husband, Joseph Cox, and Samuel Ryan, alleging, in substance, that said Eliza Bowles in her lifetime, being the wife of said William A. Bowles, instituted in the court below an action against her said husband for a divorce and alimony, and on the 7th of December, 1868, in said action, a judgment was rendered in her favor for a divorce, and for alimony in the sum of $25,000, and for costs; that on the 18th of February, 1870, said Eliza died intestate, said judgment remaining wholly unpaid; that afterwards said Leonidas Stout was appointed administrator of her estate, and qualified as such; that afterwards, said judgment remaining wholly unpaid, the entire files, papers, pleadings, and all the record of the orders of said court in said cause, and of the judgment and decree of said court therein in favor of said Eliza Bowles' and against said William A. Bowles, were feloniously destroyed and stolen by some unknown person in and from the clerk's office of said court; that afterward said administrator of the estate of said Eliza, upon motion and notice to said William A. Bowles, procured said judgment to be reinstated of record in said court, on the 7th of December, 1870, and a copy of the entry of final judgment is made part of the complaint; that at the date of the rendition of said judgment said William A. Bowles was the owner in fee simple of certain parcels of real estate in said county of Orange, and said parcels are described, being in all forty-three parcels; that said judgment, at the date thereof, became and had since remained a lien upon all said real estate; that after the

rendition of said judgment said William A. Bowles married the defendant Julia Bowles, and thereafter, on the 23d of March, 1873, he died intestate, leaving said Julia his widow, by whom he had no issue, and leaving as his only heirs the defendants William A. Dill and Mary M. Dill, who were his grandchildren, being the children of his deceased daughter; that afterward, on the 28th of April, 1873, letters of administration upon his estate were granted in said court to Julia Bowles and Joseph Cox, who were afterward, on the 27th of November, 1874, removed by said court from said trust, and on that day the defendant James F. Stucker was by said court appointed administrator *de bonis non* of the estate of said William A. Bowles, deceased; that said Stucker qualified and gave bond as such administrator, and had ever since been and still was the administrator of said estate; that said judgment in favor of said Eliza Bowles for alimony, principal, interest and costs, remained due and wholly unpaid, and there remained due thereon $41,000; that said real estate descended to said widow and grandchildren, subject to the lien of said judgment, and said lien was still upon all said lands; that the plaintiff was restrained from levying upon or selling any property upon said judgment for fifteen months by reason of the death of said William A. Bowles, during which time (until one year after the taking out of letters of administration upon his estate) the plaintiff could not proceed; that the defendants Nancy Cox and Joseph Cox claimed some interest in and to some portion of said real estate, but what interest and what part plaintiff was unaware; that whatever interest they or either of them had, it was subject to the lien of said judgment; that the defendant Samuel Ryan also claimed some interest in some part of said real estate.

Prayer that all said defendants might be summoned to show cause why the amount due on said judgment should not be enforced against said lands in their hands respectively, that the plaintiff might be allowed to issue an execution upon said judgment and levy the same upon and sell said real estate

thereon, or so much thereof as might be necessary, and for all other and proper relief.

The complaint was verified by the affidavit of one of the plaintiff's attorneys.

The term of office of Hon. Eliphalet D. Pearson, judge of the Orange Circuit Court, expired on the 2d of October, 1879, said cause not having been disposed of because of a change of judge granted on affidavit of one of the defendants, and the failure of other judges, appointed at different times, to attend. Hon. Francis Wilson, who became the successor in office of Judge Pearson, and entered upon his duties as judge of said court on the day last mentioned, was disqualified from acting as judge in this cause, by reason of his having been an attorney therein. On the 23d of October, 1879, he appointed Hon. Samuel E. Perkins, then a judge of this court, to try said cause, and, over the objection of the defendants, it was set down before him at that term, for the making of issues and trial as it stood upon the docket. The same day Judge Perkins appeared and took the bench and called said cause. The defendants objected to proceeding in any way at that time before said judge. The objection having been overruled, they demurred to the complaint for want of sufficient facts. The demurrer was overruled.

Issues having been made, they were tried by the court. The finding was in favor of the plaintiff. The defendants moved for a new trial. The motion was overruled, and judgment was rendered that said judgment for alimony be renewed and enforced as against the interest of said William A. Bowles in said real estate and as against his estate in the hands of the defendants respectively, and his said administrator was ordered to pay any money in his hands belonging to said estate to the plaintiff upon said judgment within thirty days; and it was adjudged that if said judgment were not paid within thirty days, the plaintiff should have execution thereon, with a copy of this order, upon which judgment and order it should be the duty of the sheriff to sell said real estate, etc.

The defendants appealed to this court, except said Stucker, administrator, who declined to join in the appeal, of which he has been notified.   In this court, all the appellants, except Joseph Cox and Nancy Cox, have formally dismissed their appeal, and said Joseph Cox and wife alone remain as appellants.

The following are the alleged errors assigned :

" 1. The court erred in setting down said cause for immediate trial before Hon. S. E. Perkins, over the objection of the defendants.

" 2.   The court erred in overruling the demurrer of the defendants to the plaintiff's affidavit or complaint.

" 3. The court erred in requiring the defendants to proceed with the trial of said cause immediately after the appointment of said Samuel E. Perkins to try said cause, over the objection of the defendants.

" 4. The court erred in sustaining the demurrer to the fourth paragraph of the answer of the defendants William A. Dill and Mary M. Dill.

" 5. The court erred in overruling the plaintiff's motion for a new trial."

The grounds of objection to the action of the court in setting down the cause before Hon. Samuel E. Perkins are not shown by bill of exceptions.   Therefore, whether such action of the court as that mentioned in the first specification can be thus assigned as error, or should be made a cause in a motion for a new trial and brought to the attention of this court by assigning the overruling of that motion as error, the objection to the order can not be considered.

The objection made before Judge Perkins, to which the third specification in the assignment of errors relates, was, as shown by the bill of exceptions, an objection, not to his authority, but to proceeding in the cause at that time.   It was not shown or claimed that the defendants were unprepared in any respect, or that they could or would be better prepared at any future time, or that they would be in any way injured by proceeding to complete the issues and try the cause without

further delay. The objection amounted merely to an application for delay, without any attempt to show need of delay. Therefore, if the refusal of a postponement may properly be assigned as error independently, it does not appear that the appellants were injured, or that the court erred.

Section 642 of the code of 1852 provided, as does section 621, R. S. 1881, that " In case of the death of any judgment debtor, the heirs, devisees, or legatees of such debtor, or the tenant of real property owned by him and affected by the judgment, and the personal representatives of the decedent, may, after the expiration of one year from the time of granting letters testamentary or of administration upon the estate of the decedent, be summoned to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands respectively."

Section 643 of the code of 1852 provided, as does section 622, R. S. 1881, that " The judgment creditor, his representatives or attorney, shall file an affidavit that the judgment has not been satisfied, to his knowledge, or information and belief, and shall specify the amount due thereon, and the property sought to be charged."

By the provisions of section 527 of the code of 1852, which are the same as those of section 608, R. S. 1881, the judgment mentioned in the complaint would be a lien upon real estate and chattels real, liable to execution thereunder in the county of Orange, where the judgment was rendered, for ten years after the rendition thereof, and no longer, exclusive of the time during which the plaintiff might be restrained from proceeding thereon by any appeal or injunction, or by the death of the defendant, or by agreement of the parties entered of record.

The only objection made in argument under the second assignment of error is that the verified complaint or affidavit upon which the summons to show cause was issued does not allege that the administrator of the estate of William A. Bowles, deceased, had any personal assets in his hands which should be applied to the payment of the judgment before the

lands should be subjected to execution, or that he had no assets, or that he had assets which were insufficient to pay said judgment.

A party summoned is to show cause why the judgment should not be enforced against the property in his hands. If it is sought to charge any specific property, it should be designated. If the judgment ought not to be enforced against property in the hands of one of the defendants because it ought to be paid with assets primarily liable in the hands of another person, this would seem to be proper matter for such defendant's answer.

Though, in pursuance of the words of the statute, the personal representative be summoned, if he in fact have no assets it could make no difference to other defendants that this fact was not alleged in the affidavit, and if he have assets which should be applied on the judgment, such application would lessen the burden of the other defendants, and, therefore, would be matter of defence for them; and his possession of such assets would not seem to lie more in the knowledge of the plaintiff, whose averments must be made under oath, than in that of the tenant of real property.

Whether in such a case it is always necessary to make the personal representative a party, or whether a demurrer of the personal representative would lie for failure of the affidavit to specify assets in his hands, we need not say. The statute requires that the affidavit shall specify the property sought to be charged, and the verified complaint was not bad as against defendants claiming an interest in specified property sought to be charged, because it did not allege that another defendant, the administrator of the estate of the judgment defendant, had assets in his hands, or the contrary. The complaint was sufficient to require appellants to show cause.

If there was any error in sustaining the demurrer to the separate answer of William A. Dill and Mary M. Dill, as to which we have not examined, they now acquiesce in the ac-

tion of the court, and it could not avail the appellants Cox and Cox.

It is suggested by counsel that we should disregard the last specification of the assignment of errors, because the motion for a new trial is therein referred to as the plaintiffs' motion. It seems to have been intended to thus designate the plaintiffs in error, though in other specifications the word "defendants" is used to designate the same parties. We have examined the causes stated in the motion, and we have found no error.

The only reason urged by counsel why the finding was not sustained by sufficient evidence, or was contrary to law, is, that "to several of the tracts of land that the court finds that Bowles died seized of, there is no evidence whatever that Bowles owned them."

The court found that Bowles died seized of forty-three tracts of land in said county. The evidence covers about two hundred and seventy pages of the record. It would seem that counsel should at least have designated the tracts as to which they suppose the evidence to have been insufficient. It is not intimated that any of the tracts so referred to in argument were those in which appellants claimed an interest, and it could not harm them if other real estate, which Bowles did not own, was found to be subject to the judgment.

The other causes stated in the motion for a new trial related to the admission of evidence. It is claimed that there was error in admitting in evidence the record of the cause wherein the record of the judgment for alimony was restored.

The objection to this evidence stated in the court below was, that the pleadings in the original action were not shown thereby. It was not necessary or proper for the court, in reinstating the judgment, to reinstate the pleadings or to perpetuate the evidence of their existence or contents. *Spears* v. *Work*, 29 Ind. 502. But the reinstated judgment had the same force and effect that the original judgment would have had if its record had not been destroyed. 1 R. S. 1876, p. 766, sec. 22. An execution might have been issued upon it before the death

of the judgment defendant, and within ten years after its original rendition; and after his death there might be a revivor of the judgment, so that execution could be issued upon it without proof of the pleadings in the original action. It was not improper to prove the existence of the judgment as alleged in the complaint.

It is next insisted that the court erred in admitting the record of a cause in which the appellee and the sheriff were enjoined from selling certain lands mentioned in the verified complaint in this proceeding, under an execution issued on said judgment for alimony.

By this evidence, one of the grounds provided by the statute for an extension of the period of the lien of the judgment was shown, and there was no error in its admission.

It is also claimed that there was error in the admission of the records of two other actions. But, as to one, it does not appear that there was any objection made in the court below, and, as to the other, it is not shown that any ground of objection was stated to the court.

It was assigned as a cause in the motion for a new trial, that the court erred in admitting Stout's evidence. The record shows that the appellee was "examined as a witness," but does not show that he was introduced by either party, or by whom he was examined. No ground of objection to his being examined or to his testimony, or any part thereof, appears to have been stated.

The only other ground stated in the motion was the admission in evidence of an inventory. Stucker, the administrator of the estate of William A. Bowles, deceased, testified that, after his appointment as such administrator, he made an inventory of the real estate of said decedent, had it appraised, and returned the inventory to the clerk's office; and that the land described therein was the same land as that described in the complaint herein. The plaintiff was then permitted to introduce this inventory in evidence. The objection made

thereto was that it was inadmissible and incompetent. This was not a statement of any ground of objection to the evidence. *Stanley* v. *Sutherland,* 54 Ind. 339, 352; *Underwood* v. *Linton,* 54 Ind. 468. The only objection urged here is, that the evidence was not competent under the issues, because it was an inventory of personal property. Counsel are in error, as the record plainly shows it to be an inventory of real estate only. One of the defendants admitted under oath therein and as a witness on the trial, that the real estate described in the inventory was owned by Bowles at his death, and its descriptions corresponded with those in the complaint. No ground of objection to it was stated to the court below, and none has been offered here. We can not say that the appellants were injured by the evidence.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of the appellants.

HOWK, J., was absent when this cause was considered and decided.