No. 6497.

## WALKER ET AL. *v.* HELLER.

PRACTICE.—*Assignment of Error.*—*Change of Venue.*—*New Trial.*—Alleged error in granting a change of venue must be assigned as cause for a new trial, to present such question on appeal to the Supreme Court.

INSTRUCTIONS.—*Equivalent of "Material Allegations."*—An instruction, that the plaintiff was entitled to recover, "unless the defendant has proved, * * * in substance, the allegations in one or more paragraphs of his answer," is fairly equivalent to saying that, to constitute a defence. it was only necessary to prove the *material* allegations in some one of the paragraphs of answer, and was, therefore, sufficient.

SAME.—*Partial Instruction Supplemented by Another.*—Where an instruction given states the law correctly as far as it goes, but stops short of the full statement of the law applicable to the particular question involved, and such instruction is supplemented by another covering the point omitted, no error is committed.

FORMER ADJUDICATION.—*Lis Pendens.*—*Judgment on Dismissal.*—*Evidence.*—*Appeal.*—*Judgment, Effect of Reversal of.*—*Collateral Attack.*—In an action on a promissory note. record evidence was introduced which showed that a previous suit had been instituted, on the same note, by

Walker *et al. v.* Heller.

the plaintiff against the defendants, the makers, M. and W.. wherein M. made default and W. made defence, and that the issue formed therein was submitted to the court for trial, and that, after hearing the evidence, the court took the cause under advisement; that, on the next day, the plaintiff, by leave of court, dismissed such action, without prejudice, and thereupon judgment was rendered against the plaintiff for costs, from which W. had appealed to the Supreme Court.

*Held,* that such record did not establish the pendency of a previous action on the same note, but showed a final judgment, which was in full force at the time of the trial.

*Held,* also, that the only effect of such appeal was to stay execution on the judgment, and that, in other respects, the judgment was binding upon the parties to it during the pendency of the appeal.

*Held,* also, that such record evidence did not show a former adjudication of the subject-matter of the subsequent action.

*Held,* also, that it was the duty of the court to construe such record evidence, and that it was not error for the court to instruct the jury that such evidence was not sufficient to prove either a former adjudication or the pendency of a previous action on such note.

*Held,* also, that such judgment of dismissal, though made after an announcement, by the court, of its finding, could not be collaterally attacked, and that the fact that it may have been since reversed, does not divest it of the obligatory character it had at the time it was offered in evidence.

SAME.—*Stay of Proceeding.—Restraining Order.*—If, in such action, W. had, either before answering or going into trial, made a proper application for a stay of proceedings until the appeal in the former action had been determined, he would have been entitled thereto; but, after verdict against him, such application was unavailable.

From the Henry Circuit Court.

*W. R. Hough, M. E. Forkner* and *E. H. Bundy,* for appellants.

*J. H. Mellett* and *J. L. Furgason,* for appellee.

NIBLACK, C. J.—This was an action by Moses Heller, as assignee of Joseph B. Dunbar, upon a promissory note executed to the said Dunbar by Thomas L. Marsh and Meredith Walker, for one thousand dollars, with ten per cent. interest, and five per cent. attorney's fees in the event of suit upon the note, and was commenced in the Hancock Circuit Court.

Marsh made default; Walker answered in four paragraphs:

1. The pendency of another action in this court on the same note, and between the same parties, on an appeal from a judgment rendered in such action, by the Hancock Circuit Court.

2. That the plaintiff had, on the 26th day of February, 1875, commenced another action, on the same note, against the defendants, in the Hancock Circuit Court, which action was still pending in that court.

3. That he, the said Walker, had executed the note only as surety for his co-defendant Marsh; that, at and before the time he signed said note, and, as an inducement for him to sign the same, the said Marsh promised and agreed that, before said note should be delivered to the said Dunbar, he, the said Marsh, would procure and have two or three other good and responsible persons, including one Francis T. Chandler, a financially responsible man, to also sign said note as sureties thereon; that the said Marsh, in violation of his said promise and agreement, and without his, the said Walker's, consent, and without procuring any other person or persons to sign the same, delivered said note to the said Dunbar, who, at the time he received the same, had full knowledge of all the facts; that, at the time the plaintiff received said note, and the assignment thereof, he had full notice of the promise and agreement of the said Marsh to procure the names of other persons to be signed to the same, and of his violation of such promise and agreement.

4. That there had been a former action on said note between the same parties in, and a former adjudication of the same matters by, the Hancock Circuit Court.

Issue being joined, the cause was tried in the Hancock Circuit Court, but, the jury failing to agree, were discharged. On the application of the plaintiff, the venue was then changed to the court below.

Upon a second trial, there was a verdict for the plaintiff, and, over a motion for a new trial, and after overruling an

Walker *et al. v.* Heller.

application by the defendant Walker for a restraining order to stay further proceedings until the cause referred to in the first paragraph of his answer should be decided by this court, the court rendered judgment against both the defendants.

Errors are assigned:

1. Upon the decision of the court granting a change of venue in the cause;

2. Upon the overruling of the motion for a new trial;

3. Upon the refusal of the court to restrain further proceedings, upon the application of the appellant Walker.

The first error is not well assigned. The granting of the change of venue ought to have been assigned as a cause for a new trial, if any question was intended to be raised upon it in this court. *Knarr* v. *Conaway*, 53 Ind. 120.

By the first instruction, given upon its own motion, the court explained to the jury the nature of the action, and told them that the plaintiff was entitled to recover, "unless the defendant (Walker) has proved, by a preponderance of the evidence, in substance, the allegations in one or more paragraphs of his answer."

As an objection to this instruction, it is insisted that it ought to have informed the jury that, to constitute a defence, it was only necessary to prove the *material* allegations in some one of the paragraphs of the answer. The objection appears to us not to be well taken. We think the language used was the fair equivalent of the words which it is insisted ought to have been used, and that the court did not err in giving the instruction.

The second instruction said, in effect, to the jury, that, if the defendant Walker had proved, by a preponderance of the evidence, that he signed the note under the circumstances alleged in the third paragraph of his answer, and that Dunbar had knowledge of those circumstances when Marsh delivered the note to him, without the name of Fran-

cis T. Chandler, or other additional and responsible parties, thereto, "and that, before he (Dunbar) so sold and assigned the same, he notified said Heller that the defendant Walker had signed and delivered said note to said Marsh, upon the condition that it was to be signed by said Chandler and others before it was delivered or disposed of, and Heller bought said note, having such knowledge, then you should find for the defendant Walker."

The objection urged to this instruction is, that it ought to have informed the jury that, if Heller had knowledge, from any source, of the alleged circumstances under which Walker signed the note, when he took the assignment of it, he was bound by such knowledge. But this objection is also untenable.

The instruction was sufficient, as regards notice to Heller, as far as it went. If Dunbar gave the notice referred to, to Heller, that was enough to sustain the allegation of notice to him contained in the third paragraph of Walker's answer. But the court, by its fifth instruction, told the jury, in substance, that, if Heller had the alleged notice when he purchased the note, without reference to the source from which he received it, the defence as to such notice was complete. The two instructions, therefore, when taken together, covered the whole ground as to notice to Heller, and left nothing unsaid on that subject, of which Walker had any reason to complain.

By its seventh instruction, the court charged the jury, in brief, that the record evidence given under the first, second and fourth paragraphs of Walker's answer, was not sufficient to sustain those paragraphs, and that, as to those paragraphs, their finding should be for the plaintiff.

This instruction is also claimed to have been erroneously given, but, to our minds, no valid reason has been assigned in support of such a claim.

The record evidence, to which the instruction related,

showed that a previous . action had been commenced by the plaintiff, against the defendants, in the Hancock Circuit Court, on the same promissory note ; that, in that action, Marsh had made default ; that Walker made defence ; that the issue formed between him and the plaintiff was submitted to the court for trial ; that the court, after hearing the evidence, took the cause under advisement ; that, on the next day, the plaintiff came into court and asked leave to dismiss his action, without prejudice, which leave was granted ; that thereupon judgment was rendered in favor of the defendants for their costs ; that the defendant Walker had appealed from that judgment to this court.

This record evidence did not establish the pendency of a previous action on the same note. It showed that a final judgment had been rendered, which was in full force at the time of the trial. The only effect of the appeal to this court was to stay execution on the judgment. In other respects, the judgment continued to be binding upon the parties to it during the pendency of the appeal. *Burton* v. *Burton*, 28 Ind. 342 ; *Randles* v. *Randles*, 67 Ind. 434.

Nor did this record evidence show a former adjudication of the subject-matter of this action, because the judgment put in evidence by it was not a judgment on the merits of the action in which it was rendered. *Beard* v. *Becker*, 69 Ind. 498. It was the duty of the court to give a construction to this record evidence, and we see no error in the construction which the court gave to it.

The proceedings on the application of the appellant Walker for a restraining order, upon which error is assigned, did not constitute any part of the action before us, and, hence, can not be considered by us in connection with it. The proceedings upon that application formed a separate and distinct action, demanding affirmative relief inconsistent with the object of the action appealed from in this case. This

appeal, therefore, presents no question upon those proceedings.

What we have said practically disposes of all the questions discussed by counsel, without disclosing any sufficient reason for a reversal of the judgment.

The judgment is affirmed, with costs.

## On Petition for a Rehearing.

Niblack, C. J.—The appellants ask for a rehearing in this cause, and, in support of their petition, reiterate their claim, that the Hancock Circuit Court acted illegally and erroneously in permitting the appellee to dismiss his former action, after its finding had been announced, and that the court below ought to have held the proceedings in that action to have been erroneous when they were put in evidence in this case. This reiterated claim of the appellants entirely ignores the difference between a direct attack upon a judgment by an appeal to this court, and a collateral attack upon it when offered in evidence in another action.

No principle of law is better settled than that a judgment can not be attacked collaterally because of error simply in the proceedings upon which it was rendered. *Evans* v. *Ashby*, 22 Ind. 15.

The court below had no authority to enquire into the regularity of the proceeding in the former action, further than to ascertain that the Hancock Circuit Court had jurisdiction of the subject-matter of, as well as the parties to, the action. This latter court, having had jurisdiction of the subject-matter of, and the parties to, that action, the judgment rendered in it was obligatory upon the parties when it was read in evidence in this cause, and the fact, that such judgment may have been since reversed by this court, does not relieve it of its obligatory character at the time it was so read in evidence. This court had authority to enquire into

Walker *et al. v.* Heller.

the regularity of the proceedings of the Hancock Circuit Court, upon a direct appeal from those proceedings, but, for the reasons given, the court below had no such power.

When those proceedings were read in evidence, it then became the duty of the court below to give a construction to the judgment rendered upon them. It was the final judgment, and not some precedent finding or action of the court, that constituted the adjudication between the parties to that action. The judgment did not purport to be, and was not, a judgment upon the merits of the action. Hence, we are still unable to see that the court below erred in the construction it gave to it.

There is, therefore, an essential difference between the question presented in this case upon the proceedings in the former action, and that presented to this court upon an appeal from those proceedings. See *Walker* v. *Heller*, 56 Ind. 298.

If the appellant Walker, either before answering or going into the trial of this cause, had made a proper application for a stay of proceedings until the appeal to this court in the former action should have been disposed of, he would have been entitled to such a stay of proceedings, but it is not shown that any such an application was made, and no question of that kind is presented by the record.

The application for a stay of proceedings, referred to in the original opinion, was not made until after the verdict was returned against the appellant Walker, and was, in any event, too late to be available.

The petition for a rehearing is overruled.