No. 9823.

## WALKER v. HELLER ET AL.

INJUNCTION.—Judgment.—Appeal from Dismissal after Finding for Defendant.—Judgment Pending Appeal.—Former Adjudication.—Negligence.—A. brought an action against B. upon a promissory note, and the court, after trying the cause and making its finding in favor of B., permitted A. to dismiss the action.   Thereupon B. appealed from such judgment of dismissal to the Supreme Court.   The cause was reversed, and judgment was thereafter rendered by the circuit court upon its finding in favor of B.    Pending such appeal, and before such reversal, A. brought another action against B., upon the same note, recovered judgment, and, after the reversal and rendition of the judgment in favor of B., sued out an execution upon the judgment so recovered by him, whereupon B., brought an action to enjoin the collection of such judgment.

Held, that the finding in favor of B. entitled him to a judgment which, when rendered, conclusively established a complete defence to an action upon the note, and as B. had no opportunity to avail himself of such defence during the pendency of the second action, the judgment not then having been rendered, the court will perpetually enjoin the collection of such judgment.

Held, also, that a failure to ask for a stay of proceedings on the second action until the appeal was determined in the first, was not such negligence as bars injunctive relief.

From the Henry Circuit Court.

*W. R. Hough*, for appellant.

*J. L. Furgason* and *J. H. Mellett*, for appellees.

BEST, C.—The appellant brought this action to perpetually enjoin the appellees from collecting a judgment from him. A demurrer was sustained to the complaint, and this ruling is assigned as error.

It was averred in the complaint, in substance, that the appellee Moses Heller, on the 26th day of February, 1875, commenced an action in the Hancock Circuit Court against one Thomas L. Marsh and the appellant, upon a note made by them to one Joseph B. Dunbar, who indorsed the same to the appellee Heller; that said Marsh made default, and the appellant answered, alleging, in substance, that he signed said note as the surety of said Marsh, and not otherwise; that, to induce him to sign it, said Marsh promised him that he would not deliver the same to the payee until two or three other persons had also signed the same as sureties with him, among whom was one Francis C. Chandler, who was then, and is yet, able to pay said note; that said Marsh, without procuring either of said persons to sign said note, delivered the same, in violation of said agreement, to the payee, who accepted the same with full notice of the agreement and condition upon which the appellant had executed said note; that said payee afterwards indorsed said note to the appellee Heller, who also had notice of the agreement and condition upon which the appellant had signed said note; that an issue was formed upon such answer, which was submitted to the court and the court found for the appellant, and duly entered its finding upon the order-book of the court; that two days thereafter the court permitted the appellee Heller, to dismiss such suit, to which the appellant objected and excepted; that the appellant thereafter appealed from such judgment of dismissal to this court; the same was reversed, and the court below, in accordance with instructions given by this court, rendered a judgment upon such finding in favor of the ap-

pellant, and against the appellee Heller, upon such note; that after the judgment of dismissal, and while said appeal was pending in this court, the appellee Heller commenced another action upon said note against said Marsh and this appellant in the Hancock Circuit Court; the venue was changed to the Henry Circuit Court, and a judgment recovered against said Marsh and this appellant for the full amount of said note and interest; that since the rendition of the judgment in the Hancock Circuit Court in favor of appellant and against the appellee Heller, as directed by this court, said Heller has caused an execution to issue upon the judgment recovered against the appellant by him before that time in the Henry Circuit Court, has placed the same in the hands of the appellee William H. Thompson, sheriff of Hancock county, who is threatening to sell the property of appellant, and unless restrained will do so, to the great injury and damage of the appellant.

Do the facts thus stated entitle the appellant to the relief sought? It is well settled that a court of equity will restrain proceedings upon a judgment at law, where its enforcement is against conscience, and the same has been recovered by an unfair advantage. Wherever, by accident, mistake, fraud or otherwise, an unfair advantage has been obtained in proceedings at law, and it is against conscience to make use of such advantage, a court of equity will restrain the party from making use of the same; and after judgment any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not avail himself in defence of the suit, will authorize the court to interfere by injunction and restrain the party from enforcing the judgment. These are familiar principles, and are not questioned by the parties to this controversy.

The appellee, however, insists that the facts averred do not show that the collection of the judgment will be against conscience. This position is based upon the assumption that this court must enquire into the merits of the defence originally

interposed to the action upon the note, and it is insisted that since one judgment was rendered for and the other against the appellant, it does not appear that the collection of this judgment will be against conscience. If the solution of this question depended alone upon such enquiry, the appellee's position would be unanswerable. It does not, however, as we think, depend upon such enquiry, but upon the legal consequences growing out of the recovery of the judgment in the first action. That judgment can not be ignored, as it furnishes the controlling element in determining whether or not the collection of this judgment is against conscience. If that judgment is to be regarded as fixing the rights of the parties, it shows that the appellant has a complete defence to the action in which this judgment was recovered. The facts alleged in defence of the action first instituted upon said note show a valid and meritorious defence, and the finding of the court established the truth of such defence. This finding was not set aside in any mode known to the law, and so long as it remained in force it entitled the appellant to a judgment which, when rendered, constituted a complete defence to an action upon the note. The judgment thus rendered fixed the fact that the appellant had a complete defence, and this fact must be regarded as an existing one from the time the finding was made. For this purpose, the judgment must be deemed, by relation, to speak from that time, and thus to establish the fact that the appellant had a complete defence before the second suit was brought upon said note. In this way only can full effect be given to an adjudication between these parties upon the precise matter in dispute which was final, and, in point of time, was prior to the action in which the judgment now sought to be enjoined was rendered. The fact that the appellee Heller, subsequent to the time the court made its finding in favor of appellant, commenced another action upon said note and recovered a judgment against him, can not affect this conclusion. The appellant had the right to insist that a judgment should be rendered upon the finding, and,

when rendered, it conclusively established the fact that the cause of action upon which the appellee's judgment had been rendered was merged in the appellant's judgment. This fact is utterly inconsistent with the notion that the appellee's judgment has any support in equity and good conscience. The finding did not, it is true, prevent him from maintaining another action upon the note, yet he could not, by pressing such action to judgment at a time when the appellant's defence was unavailable, escape the consequences flowing from the rendition of a judgment upon the finding. The institution of the second suit and the recovery of the judgment proceeded upon the assumption that no judgment would follow the finding in the first action. The validity of the judgment necessarily depended upon such contingency. This must be so in the very nature of things; otherwise we have two judgments based upon the same alleged cause of action, one in favor of and the other against its existence. This can not be; one or the other must give way, and as the action in which the appellant's judgment was recovered was first instituted and determined, it must, according to all the analogies of the law, fix the rights of these parties though judgment was not in fact entered until judgment was recovered in the action subsequently instituted. It thus appears that the appellant has a complete defence to the action in which this judgment was recovered, and that it would be inequitable to permit its collection. This defence was not available during the pendency of the second action, for the reason that no judgment had been entered upon the finding. The finding itself constituted no bar, and hence the appellant was unable to avail himself of the defence that now exists. *Walker* v. *Heller*, 73 Ind. 46.

The fact that the appellant has a good defence, and that it was not available, entitles him to an injunction restraining the appellee from collecting the judgment. This is a general rule, and is well supported by authorities. *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332; *Duncan* v. *Lyon*, 3 Johns. Ch. 351; *Foster*

v. *Wood,* 6 Johns. Ch. 87 ; *Miller* v. *McCan,* 7 Paige, 451 ; *Hibbard* v. *Eastman,* 47 N. H. 507, and authorities there cited.

None of these cases are precisely like this one, but all assert the general doctrine within which the facts bring this case.

In *Miller* v. *McCan, supra,* it was held that a surety, who had been discharged by reason of the fact that the payee of a note had extended the time of payment without his consent, might enjoin the collection of a judgment recovered against him, on the ground that he was ignorant of his defence, and had no means to compel a discovery at law.

In *Hibbard* v. *Eastman, supra,* it was held that a defendant in a foreclosure proceeding who had transferred a note to the mortgagee in consideration that he would not take a personal judgment against him, could enjoin the judgment, for the reason that his defence, which was in the nature of an agreement not to sue, was not available in the action of foreclosure.

These cases are very analogous, and in principle fully support the conclusion we have reached.

The appellees also insist that the failure of the appellant to move to stay proceedings in the second action until this court determined the appeal in the first was such negligence as precludes him from maintaining this action. Several cases have been cited in support of this position, but upon an examination we find none of them in point. In all of them the party had an available defence, and it was held that his omission to make it was such negligence as precluded him from obtaining injunctive relief. This rule is familiar, and is supported by any number of adjudged cases. The proposition that a failure to move for a stay of proceedings is such negligence as prevents relief by injunction is quite different. It is new. No text-writer has asserted it, and no case has adjudged it so far as we are advised. Many cases can be found holding that where a party has a defence and fails to make it, or where the relief sought could have been obtained in the action at law

by motion, appeal or otherwise, no relief will be granted by injunction staying proceedings after judgment; but we know of no case which holds that a failure to ask for a stay of proceedings, until pending litigation on a collateral matter may result in a judgment which when rendered will constitute a complete defence to the action, constitutes such negligence as bars relief from the judgment by injunction, nor do we think, upon principle, that such is the rule of law. The rule that requires a defendant who has a defence to make it rests upon very different reasons. The institution of the suit is a challenge to him to bring forward all the defences he can assert, and the verity accorded to judicial proceedings requires that all matters that enter into the controversy shall be deemed forever at rest. The opportunity thus afforded him to make his defence imposes the duty upon him, and his failure to avail himself of the opportunity is such negligence as precludes him from obtaining relief by injunction. The plaintiff who has furnished the defendant an opportunity of making his defences is also entitled to rely upon the judgment as a final adjudication of all such matters, and can not be again required to controvert them. These are some of the reasons which support the rule in question. They do not, however, lend any support to the notion that it was the duty of the appellant to move to stay proceedings. Such suit did not furnish him any opportunity to make his defence, and the appellee had no right to rely upon the judgment thus recovered as a final adjudication. The appellant owed him no duty, and hence was guilty of no negligence. The appellee knew the facts, and proceeded at his peril. He pressed his suit to judgment in violation of a right the appellant could not assert, and he can not now insist upon an unfair advantage which he should not retain simply because he was not prevented from taking it.

The appellee, however, insists that this question was settled adversely to the appellant in *Walker* v. *Heller*, 73 Ind. 46. The court in that case said that if a proper application had been made for a stay of proceedings, the appellant would

have been entitled to it. This may be conceded, but it does not therefore follow that an omission to make such application will prevent him from obtaining relief by injunction after judgment. The court neither decided nor intimated anything of the kind, and, as no such question was involved, it was, of course, not decided. The case, therefore, is not an authority upon this point.

For these reasons, we are of opinion that the complaint was sufficient, and for the error in sustaining the demurrer to it, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at appellees' costs, with instructions to overrule the demurrer to the complaint, and for further proceedings.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.