Meyer *et al. v.* The State, *ex rel.* Day.

Filed Oct. 10, 1890.

———————————

No. 14,439.

MEYER ET AL. *v.* THE STATE, EX REL. DAY.

RAILROAD.—*Appropriation of Land for Right of Way.*—*Judgment for Damages.*—*Payment of to Clerk.*—*Appeal.*—*Liability of Clerk to Relator.*—*Suit on Official Bond.*—A railway company instituted proceedings to appropriate certain real estate of the relator. The amount of damages assessed by the appraisers was paid by the company to the clerk of the circuit court. The relator, being dissatisfied with the amount of the assessment, instituted suit against the company and recovered judgment for a larger sum. From this judgment the company perfected its appeal to the Supreme Court, which appeal was still pending when the present action was instituted, tried and determined. After the rendition of said judgment the company paid to the clerk of the circuit court the excess of the judgment over the original assessment, and entered upon and took possession of the real estate appropriated and built its railroad thereon, and continued to occupy the same to the exclusion of the relator.

*Held,* that the relator was entitled, on proper demand, to the money so paid by the company to the clerk of the court, and upon his refusal to pay it could maintain an action against the clerk and the sureties on his official bond for its recovery.

*Held,* also, that the fact that the railway company notified the clerk not to pay over the money to the relator, did not constitute a defence to the action.

PRACTICE.—*Amendment of Complaint before Conclusion of Trial.*—*Propriety of.*—It was proper for the court to permit the plaintiff, in an action against a clerk and the sureties on his official bond, the cause having been commenced in his name, and having progressed to issue and trial in his name, to amend his complaint before the conclusion of the trial, so as to make the State of Indiana, on his relation, the plaintiff. The amendment did not change the nature of the cause of action. If the defendants were injured thereby, it was incumbent upon them to show wherein they were prejudiced.

From the Floyd Circuit Court.

*A. Dowling*, for appellants.
*C. L. Jewett* and *H. E. Jewett*, for appellee.

BERKSHIRE, C. J.—This was an action instituted on the official bond of the appellant Meyer, as clerk of the circuit court of Floyd county; his co-appellants being sureties on the said bond.

The complaint was demurred to, the demurrer overruled, and an exception reserved.

An answer was filed, in two paragraphs, the first of which was a denial. The second paragraph was demurred to, the demurrer sustained, and an exception saved.

The cause was thereafter submitted to the court, which resulted in a special finding for the appellee.

The appellants excepted to the court's conclusions of law, and filed their motion for a new trial, which the court overruled and they saved an exception, and thereupon the court rendered judgment for the appellee.

The cause was originally commenced in the name of Ezekiel R. Day, as plaintiff, and progressed to issue and trial in his name as plaintiff. Afterwards, and before the final conclusion of the trial, the complaint, upon the motion of Day's attorneys, was so amended as to make the State of Indiana, on the relation of Ezekiel R. Day, the plaintiff.

The motion to amend was sustained, and the amendment made over the objection of the appellants, and an exception reserved by them.

The several errors assigned are : (1). Overruling the demurrer to the complaint. (2). Sustaining the demurrer to the second paragraph of answer. (3). The court erred in its conclusions of law. (4). In sustaining the motion of the plaintiffs to amend the complaint. (5). In overruling the motion for a new trial.

The motion for a new trial assigns but two reasons : 1. The finding of the court is not sustained by sufficient evidence. 2. It is contrary to law.

The complaint was technically bad until the amendment complained of was made, but the amendment cured the infirmity. The amendment worked no substantial harm to the appellants; it did not change the nature of the cause of action; apparently the appellants were as well prepared to present any defence going to the merits of the action after as before the amendment, and if not so prepared it was incumbent upon them to show wherein they would be prejudiced. The amendment was in furtherance of justice, and was within the letter as well as the spirit of the statute. Section 396, R. S. 1881.

The ruling of the court is not assigned as a reason for a new trial, and it may be that the record does not properly present the question which the ruling involves, but we have not stopped to consider the question of practice. See section 559, R. S. 1881; *Mannix* v. *State, ex rel.*, 115 Ind. 245; *Morgan* v. *Hyatt*, 62 Ind. 560.

The ruling of the court in overruling the motion for a new trial involves no question that does not arise upon the second and third errors assigned—the sustaining of the demurrer to the second paragraph of answer, and the conclusions of law. The second and third assigned errors raise substantially the same question.

At this point it is proper to give a short history of a former proceeding leading up to the present action, together with some of the attendant circumstances.

In the spring of 1887, the New Albany and Eastern Railway Company instituted a proceeding under section 3907, R. S. 1881, to appropriate certain real estate owned and held by the relator of the appellee, and such proceedings were had that the appraisers appointed to assess the damages caused by such contemplated appropriation filed their assessments, in writing, with the clerk of the Floyd Circuit Court, amounting to the sum of $3,110, and immediately thereafter the said sum was paid by the said railway com-

pany to the appellant Meyer, as the clerk of said court, for the use of the relator, and has ever since been retained by him. The relator not being satisfied with said assessments filed his exceptions thereto and appealed therefrom to the circuit court. Afterwards, upon the trial of the issues raised by said exceptions, the damages occasioned by said appropriation were found to be in the sum of $5,128.43, and judgment was entered accordingly. Thereafter and at the same term of the court, the railway company perfected its appeal to this court, which appeal was still pending when the present action was instituted, tried and determined.

Soon after the rendition of said judgment the said railway company paid to the appellant Meyer, as clerk of said court, on account of said judgment, the sum of $2,018.43, the difference between the amount that had theretofore been paid to him and the sum for which said judgment had been rendered. That immediately after the payment of said $3,110 to the said clerk, the said railway company entered upon and took possession of the real estate appropriated by said proceedings, and built its railroad thereon, and continues to occupy the same to the exclusion of the relator. That before the commencement of this action, and after said sum of $5,123.43 had been paid to the appellant Meyer, the relator made a proper demand of him as such clerk for payment of said sum of money, which request was refused.

The contention of the appellants is that their appeal to this court stayed all proceedings, of whatever character, depending on said judgment, and hence the relator was not entitled to said sum of money until after an affirmance of said judgment by this court. There is nothing in this contention.

The only effect, as has often been decided by this court, of an appeal from a final judgment of the circuit court, is to stay execution on the judgment. In other respects the judgment continues to be binding upon the parties to it dur-

ing the pendency of the appeal. *Walker* v. *Heller,* 73 Ind. 46; *Hayes* v. *Hayes,* 75 Ind. 395; *Burton* v. *Burton,* 28 Ind. 342; *Randles* v. *Randles,* 67 Ind. 434.

If the appellants had any remedy it was by a proper application for a stay of proceedings until the appeal in the former action was disposed of. *Walker* v. *Heller, supra.* But such an application invokes the equity powers of the court, and must rest upon equitable considerations. But we can not understand how it became material to the appellant Meyer whether the judgment in the former action was reversed or affirmed by this court; it would affect him in no way. He was a mere officer of the court; the money came to him in his official capacity, and it became his duty to apply it to the purposes for which he received it. It was paid to him on account of and in satisfaction of the judgment. The judgment belonged to the relator, and hence it became the duty of the clerk to pay the money to him on demand.

The railway company could not at the same time blow hot and cold. It could not obtain the benefits that a payment of the judgment would bring to it and at the same time say that there was no payment.

After payment of the $3,110 into court the railway company, as we have seen, went into the possession of the real estate, constructed its railroad upon it, and still retains the possession to the exclusion of the relator.

The purpose of the payment readily appears, for it was voluntary. The appeal bond stayed execution. The object was to avoid an action on the part of the relator for the recovery of possession of the real estate. After payment the relator could not have successfully prosecuted his action, but pending payment he could have done so. *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514; *Terre Haute, etc., R. R. Co.* v. *Crawford,* 100 Ind. 550.

But it is contended that a distinction is to be taken between the first cited case and the one at bar, in this, that in that case the appeal was not perfected, while in the case un-

der consideration the appeal was perfected and a bond filed. If the distinction was well drawn it would not help the appellants, for the " paragraph of answer was pleaded in bar of the action," and at most the facts stated could only have a tendency to show that the action was prematurely brought. But the distinction is not well grounded.   It is true that in *Lake Erie, etc., R. W. Co.* v. *Kinsey, supra,* the appeal had not been perfected, but the court made no point specially on that account.   The gist of the decision is that until payment of the judgment rendered in the circuit court, the railroad company acquired no title to the real estate ; that the payment to the clerk of the court of the damages assessed by the appraisers only conferred a license upon the company to take possession subject to further litigation, and upon failure to pay the judgment in the circuit court the land-holder might recover the possession. The court in that case further recognizes the rule as declared in *Walker* v. *Heller, supra,* and *Hayes* v. *Hayes, supra,* in the following language :  " No effort was made to stay proceedings in this case until the validity of the judgment for damages could be tested in the higher court."

In *Terre Haute, etc., R. R. Co.* v. *Crawford, supra,* the court said :  " Upon the foregoing facts, it was held by this court in the case last cited (*Lake Erie, etc., R. W. Co.* v. *Kinsey, supra*), that the owner was entitled to recover, and, further, that the payment to the clerk of the damages awarded by the appraisers, did not vest the title to the land appropriated in the railroad company, but operated only to give it a license to take possession, subject to the result of future litigation, and *determinable* upon its failure to pay the compensation found just on final trial."   But we can imagine no circumstances which by appeal or otherwise would justify a stay of proceedings in a case like the present. The fact that the railway company notified the clerk not to pay over the money amounted to nothing.   Any judgment debtor having paid

money to the clerk to avoid execution might give the same kind of notice.    We find no error in the record.

The judgment ought to be affirmed with damages, but as the appellee has not asked us so to do, we have awarded none.

Judgment affirmed, with costs.

Filed Oct. 9, 1890.