Shauck, J.
The numerous controversies which these actions present and suggest arise out of the act of April 26, 1898 (93 O. L.),351, “to amend sections 1202 and 1203 of the Revised Statutes.” Prior to the amendment section 1202 provided: “There shall be elected in each county biennially a sheriff and coroner who shall hold their office for two years, beginning on the first. Monday of January next after their election.” Section 1203 provided for the qualification of the officers so elected before said first Monday of January. The only change attempted by the amending act is the substitution of the first Monday of September for the first Monday of January. The sheriffs elected at the November election in 1896 were chosen and commissioned for official terms of two years to be completely ended on the first Monday of January, 1899.
Assuming the constitutional validity of the ' amending act, the briefs of counsel present a variety of views touching the manner in which the office is to be filled during’ the eight months intervening between the first Monday of January and the first Monday of September in the year 1899. By one it is contended that there is a vacancy to be filled by appointment to be made by the county commissioners pursuant to the first clause of section 1208 providing that “When the office of sheriff becomes vacant the county commissioners shall appoint some suitable person to fill the vacancy who shall give bond and take the oath of office prescribed for .the sheriff, and hold his office for and during the unexpired term of .the sheriff whose place he fills.” Another contends that there is a vacancy to be filled by appointment to be made by the court of common pleas pursuant to the last *397 clause of section 1208, providing that ‘ ‘When the sheriff is incapable by reason of absence, sickness or other disability, of serving any process required to be served, or by reason of interest is incompetent to serve, the court of common pleas may appoint some suitable person * * *. ” Another presents the view that, notwithstanding the expiration of their official terms, the sheriffs elected in 1896 continue in office during said interim of eight months until the first Monday of September, 1899, when the sheriffs chosen in November, 1898, may take office according to the terms of the amending act, and this view is supposed to be supported by section 8 of the Revised Statutes providing that “Any person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the constitution or laws.”
Since all of these views assume the validity of the amending act, and since its validity is challenged by the petition against Heffner and in some of the briefs, it seems to present the question of first importance. It is said by those who maintain the validity of the act that the question was decided in accordance with their view in State ex rel. Attorney General v. Brewster, 44 Ohio St., 589. If this question was involved in that ease, it is strictly accurate to say that it was overlooked. The report shows that counsel agreed as to the existence of a vacancy resulting from the amendment of both the constitution and the statute, and the consideration of the court was devoted exclusively to the manner in which the admitted vacancy should be filled.
It is also said that this act should be held valid in view of the decision of this court in State ex *398 rel. v. McCracken, 51 Ohio St., 123. That ease, however, related to the office of the clerk of the court, and gave effect to section 16 of article 4 of the constitution — a part of the Judicial Article— relating to that particular office, and ordaining that ‘ ‘there shall be elected in each county by the electors thereof one clerk of the court of cdmmon pleas, who shall hold his office for the term of three years and until his successor shall be elected and qualified, * * A” The effect of this section was distinctly held to be to take the office of clerk out of the operation of other provisions of the constitution which might otherwise have been controlling. In the view taken of the act there considered, it was vital to its validity that5 because of the constitutional provision quoted, the act did not create a vacancy in the office. Moreover neither of the cases cited was affected by section 3 of article 10 of the constitution.
It has never been held by this court that the legislature may create a vacancj^ in an existing county office to be filled by appointment, although it was held that the official term of an elected clerk of the court may, by the operation of the constitutional provision referred to and an act of the legislature, be in effect extended beyond the term for which he had been elected, the extended term not exceeding any limitation placed thereon by the constitution.
Although the power exercised by the general assembly in this instance is legislative in character it must be exercised conformably to the pertinent sections of the 10th article of the constitution : “Section 1. The general assembly shall provide by law for the election of such county and township officers as may be necessary. Section 2. County *399 officers shall be elected on the first Tuesday after the first Monday in November by the electors of each country, in such manner and for such term, not exceeding three years, as may be provided by law. Section 3. No person shall be eligible to the office of sheriff or county treasurer for more than four years in any period of six years.” The mandatory provision that the general assembly shall provide by law for the election of county officers is a clear denial of its power to provide for their appointment, and the requirement that such officers shall be elected on the day named negatives the view that they may be appointed by any authority. State ex rel v. Brennan, 49 Ohio St., 33. The power of the general assembly with respect to the subject is completely comprehended in these sections of the 10th article and section 27 of the second article: “The election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this constitution, or the constitution of the United States, shall be made in such manner as may be directed by law * * *.” The nature and the terms of the power granted by this section indicate that, in its application to county offices, it is subordinate to the provisions of the 10th article. The vacancies for which it authorizes' the legislature to provide are those which occur fortuitously, as by death or resignation, in offices for which there has been provided, in obedience to the 10th article, an elected incumbent. The power to provide for the filling of such vacancy does not imply a power to create an interval in the office between the official terms of two persons elected to fill it. With respect to the interval which the general assembly has attempted to create by the legislation in question it is “other *400 .wise provided” by the 10th article, and as to the principles involved the act does not differ from that considered in the State v. Brennan.
But it is said that the act does not create a vacancy in the office, because the sheriff in office on the first Monday in January should hold until the first Monday inSeptember when his successor may qualify under the amending act. This proposition is completely answered by the third section of the 10th article disqualifying all persons to serve as sheriff for more than four years in any period of six years, and the fact appearing in the State ex rel v. Heffner, that on the first Monday in .January the defendant had held the office for four years continuously. We are not advised of the number of counties in the state in which the same condition exists. But in the State v. Stallsmith, we learn that the defendant was first elected in November, 1896 and again in November, 1898; and it is clear as to him, that although he would be qualified to hold over during the interval referred to, there is to be, by the terms of the act, at the close of his second term an interval of disqualification of like duration and origin for which a sheriff cannot be elected under any provision of law now existing. But the number of such instances of disqualification cannot be important. In view of the general nature of the subject the act is void since it cannot operate in every county of the state.
The word “eligible” in the third section of the 10th article refers as well to qualification to continue in office as to qualification to take office. By its terms the test of eligibility relates to continuance in, or occupancy of, office. It prescribes no qualification peculiar to the taking of office but as to the two offices of sheriff and treasurer, with re *401 spect to which there are peculiar reasons for limiting the duration of incumbency, it prescribes such limitation. The term has been usually so interpreted in similar connections. State ex rel. v. Murray, 28 Wis., 96; Carson v. McPhetridge, 15 Ind., 326; Smith v. Moore, 90 Ind., 204; Gossman v. State ex rel., 106 Ind., 203.
Original sections 1202 and 1203 were enacted in obedience to the mandate of' the 10th article of the constitution. The repealing section of the act of April 26,1898, is void as are the other sections. The original sections are now in force notwithstanding said act. The persons who were elected to the office of sheriff in November, 1898, were entitled to qualify and enter upon the duties of the office on the first Monday in January, 1899. Those who failed to do so then are now entitled to qualify and enter upon such duties.
Since we entertain no doubt as to the validity of the official acts of the 'persons who have occupied the office of sheriff since the first Monday of January, by whatever claim of title, no such doubt should be inferred from any of the views here expressed. It is with becoming regret that we reach a conclusion regarding the effect of these constitutional provisions which defers the accomplishment of such important public purposes as must have moved the legislature to pass the act in question. Should such purposes continue to commend themselves to the judgment of the members of the general assembly, it is obvious that they may be attained by an act changing the date of the commencement of the official term of the sheriff, and providing for the election for the interval of someone who will not, in consequence, serve more *402 than four years in any period of six years.
In State ex rel. v. Heffner, the demurrer to the answer will be sustained and there will be a judgment of ouster.
In State ex rel. v. Stallsmith, the demurrer to the answer will be overruled and the petition dismissed.
In State ex rel. Saal v. The Governor et al., the demurrer to the petition will be sustained and the petition dismissed.
In State ex rel. Kelly v. Thrall, the demurrer to-the petition will be sustained and the petition dismissed.