**FARMERS CO-OPERATIVE GIN CO. et al. v. HARPER et al.**

No. 19317.    Opinion Filed June 19, 1928.

(Syllabus.)

1. **Action—Stay of Proceedings on Ground of Another Action Pending—Identity of Controversy Required.**

In order to authorize a stay of proceedings on the grounds of another action pending, the two actions must present a substantial identity as to parties, subject-matter, issues involved. and relief demanded, so that the trial of one will effectually dispose of the other without trial. ·

2. **Same—Application for Stay Made After Verdict too Late.**

Application to stay proceedings on grounds of another action pending not made until after verdict is unavailing and properly denied because made too late.

**3. Appeal and Error—Frivolous Appeal Dismissed.**

Where it is apparent from the face of the record that the appeal is without merit, is frivolous and taken for delay only, the appeal will be dismissed.

Error from District Court, Pontotoc County; Orel Busby, Judge.

Action between Farmers Co-operative Gin Company and J. F. Harper et al. From an order of the trial court denying stay of proceeding on the grounds of another action pending, the former appeal. Dismissed.

McKeown & Green, for plaintiffs in error.

W. C. Duncan and Wimbish & Wimbish, for defendants in error.

PER CURIAM. Judgment was rendered in the above-entitled cause on the 8th day of September, 1927; motion for new trial was overruled on the 21st day of September, 1927. Notice of appeal was given and time given in which to make and serve case-made. The case-made was settled and signed on the 21st day of March, 1928, the last day on which an appeal could be had within the time allowed by law. Petition in error with case-made was not filed in this court. On the 30th day of March, 1928, the defendant filed in said cause the purported petition alleging that they were unable, without fault on their part, to prepare case-made in time to settle the same and file in this court. They also allege that a companion case involving the same testimony, same record, and the same questions of law between the same parties is pending in the Supreme Court of this state and that a determination in said cause would be decisive of the questions involved in this action, and pray an order of the court staying further proceedings in this cause until the appeal in the companion case shall have been heard. Stay of proceedings was denied by the trial court, from which order plaintiff in error appeals. Defendants in error have lodged in this court motion to dismiss the appeal for the reason that the order appealed from is not an appealable order, and the appeal is taken for delay, and that the appeal is an attempt to do indirectly what they cannot do directly.

The assignments of error in the petition in error are six in number; the first four thereof are based upon the alleged errors of the trial court occurring at the trial of this case upon issues joined by the pleadings therein and the overruling of the motion for a new trial thereon. These alleged errors cannot be considered by this court, for the reason the appeal was not filed in this court

within six months from the date of the rendition of the judgment, and this court does not have jurisdiction to review the same.

The last two assignments of error are based upon the action of the trial court in denying the stay of proceedings until the appeal in the companion cause of action could be heard by this court and in denying plaintiffs in error's right to supersede judgment and the final order of the court at the hearing on the proceedings to stay further proceedings in this action.

"In order to authorize a stay of proceedings on the ground of another action pending the two actions must present a substantial identity as to parties, subject-matter, issues involved, and relief demanded so that the trial of one will effectually dispose of the other. * * * A stay is improper, although the same parties and the same subject-matter are involved, if, whatever may be the result of the prior action, a trial of the second will still be necessary." 1 C. J. 1163-4.

As shown by the record in this cause, the companion case on appeal embraced the question of right of defendant in error to foreclosure of a tax lien upon the same real estate embraced in the instant case, wherein the action is to foreclose a mechanic's and materialman's lien and the foreclosure of a mortgage. From this it will be seen that the subject-matter, the issues involved, and the relief demanded are not the same, and the determination of the cause appealed to this court will not effectually dispose of the action sought to be stayed, nor would the final decision of the cause on appeal render unnecessary a trial in the instant case, had this case not been tried.

"The application for a stay of proceedings on the grounds of another action pending should be made before trial, and it is too late after verdict." 1 C. J. paragraph 434, p. 1167.

In the case of Walker v. Heller, 73 Ind. 46, cited in the above text, it is held that if proper application for stay of proceedings until the appeal in a former action shall have been determined is made before answering or going into trial, the parties making such application would be entitled thereto, but after verdict such application is unavailable. The prayer of the plaintiffs in error in the trial court was to stay proceedings in this cause, and the trial court properly denied such stay. This appeal from the order of the trial court denying a stay of the proceedings, properly made, is construed by this court to be a proceeding for delay, frivolous and without merit.

And in the case of Randol v. Harbour-

Longmire Co., 127 Okla. 7, 259 Pac. 548, this court laid down the rule that:

"Where, upon an examination of the record, the petition in error, and motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed."

And in the case of Tippit v. Fox, 95 Okla. 205, 218 Pac. 1056, this court held that:

"Where it is apparent from the record that the appeal is frivolous and for delay only, the appeal will be dismissed."

For the reasons herein stated, this appeal is hereby dismissed.

Note.—See under (1) 1 C. J. p. 1163; §421; anno. L. R. A. 1918A, 6; 44 A. L. R. 806; 1 R. C. L. pp. 13, 14; 1 R. C. L. Supp. pp. 6-9; 5 R. C. L. Supp. p. 1; 7 R. C. L. Supp. p. 1. (2) 1 C. J. p. 1168, §434. (3) 4 C. J. p. 574, §2382.