## MUSKINGUM WATERSHED CONSERVANCY DISTRICT v FRY et

Ohio Appeals, 5th Dist, Coshocton Co

Decided December 18, 1938

### OPINION

By LEMERT, J.

This cause of action comes into this court based upon the sustaining of a demurrer to a petition filed by the appellant, the Muskingum Watershed Conservancy District v Appellees, Otto Fry and Amanda Fry, his wife.

The petition so filed grows out of a condemnation suit by the Conservancy District v Otto Frey, et, condemning lands for use by the Conservancy District.

This cause or suit was commenced under §11072, GC, which reads as follows:

"Conflicting Claims.—When there are diverse or conflicting claims, legal or equitable, to the real estate, or any interest therein, sought to be appropriated under the provisions of this chapter, the jury or court shall not pass upon them in the proceedings for adjudication as hereinafter provided."

### Sec. 11073:

"To be adjudicated in the Common Pleas, etc. Upon the payment of the money into court by the corporation, a party claiming a legal or equitable interest in the property, or the money arising therefrom by such appropriation, may file his petition in the Common Pleas Court of the proper county, making the other claimants to the property or money parties thereto, setting forth the facts on which the claim is founded, the fact of the appropriation of the property, the amount of money so paid in and such other facts as are required to enable the court to hear and determine the matter between the claimants."

Said condemnation suit was brought by the Muskingum Watershed Conservancy District v Otto Fry et, under the Conservancy Act of Ohio, and being §6828 to §6828-79, inclusive of the GC; an appraisal record was filed with the Common Pleas Court of Tuscarawas County, Ohio, the county in which said Muskingum Watershed Conservancy District was organized by the Muskingum Watershed Conservancy District, and said appraisal record was approved by the court; and the defendants herein filed written notice appealing from the award of said appraisers as compensation and damages awarded upon said appraisal record, and thereupon demanded a jury trial; and the court ordered the directors of the plaintiff district to begin condemnation proceedings according to law, in the county where the lands were situated. The jury returned a verdict in said condemnation case and no appeal was taken, and the compensation and damages allowed by the jury was paid into court, and the Conservancy District has been in possession of said premises since said time.

The Muskingum Watershed Conservancy District filed its petition February 17, 1937, in the Common Pleas Court of Coshocton county, Ohio, setting forth in said petition that said premises was and is described in the appraisal records, Book 4, page 115, under index No. 3399, 3401 and 3403, of the Appraisal Record, and is described therein as being 175.44 acres of land in Newcastle township, Coshocton county, Ohio, and as will more fully appear in said Appraisal Record and which is more particularly described as Lot No. 20, part of Lot No. 25, west part Lot No. 25, and North-east part of Lot No. 24, U. S. M. S., range 9, Township 6, First Quarter, Coshocton county, Ohio.

The plaintiff did not, in the petition filed in the condemnation suit, claim any canal lands, and recognized the deed of the plaintiff, which included the premises set forth in their petition, to-wit, a certain tract as therein described and designated and containing 175.44 acres of land.

We note from the record that the plaintiff filed a plat of the lands condemned, which was used by both plaintiff and defendant. This plat was marked "property to be acquired, etc.," and within the boundaries of this plat was embraced all

land described and included in that part of farm marked "abandoned canal."

In the original condemnation suit the plaintiff set forth in its petition that the estate sought to be appropriated consisted of a fee simple estate and that the only defendants were Otto Fry and wife, admitting that the defendants were the sole owners in fee under §11046, GC. Provision is made for the determination of all jurisdictional questions in the appropriation of property but under the Conservancy Act of Ohio these jurisdictional questions are taken care of by the filing of what is known as an "Appraisal Roll" and the adjudication thereof by the Conservancy Court is taken care of as provided in 100 Oh St, 317, being the case the Miami Conservancy District v Bowers, et.

The demurrer to the petition was sustained by the Common Pleas Court and the plaintiff appellant claims that the court below erred in sustaining said demurrer.

It is the contention of the defendants appellees that §§11072 and 11073, hereinbefore quoted, and under which this petition was filed, do not apply when the plaintiffs and defendants are the identical persons as named and contained in the original condemnation suit, and only apply when the interest of third parties may intervene.

Plaintiff has cited numerous authorities in its brief but we are of the opinion that the authorities cited do not apply, for the reason as set forth in plaintiff's petition, that the condemnation suit was filed February 17, 1937, and that the district in its brief sets forth that the canal lands were claimed by them by virtue of 116 Ohio Law, 135, effected April 23, 1935, and by deed dated June 2, 1936, from the state of Ohio, which would be a year previous to the filing of their petition in the condemnation suit.

On the matter or question of title we find in 20 Corpus Juris, 967:

"If the petitioner recognizes the person in possession of the land as its owner by instituting against him a condemnation proceeding, no issue is raised as to the title to the land, and such person will not be required on the trial to prove his title, since the petitioner will not be permitted to deny it. So where the owner brings an action to recover the land, a plea by defendant for condemnation is an admission of plaintiff's title. The condemnor need not, however, admit the nature or extent of the alleged owner's title, but may prove it at the trial. But while the condemning party is bound by its allegation of title in defendants, the latter are not bound by the petitioner's averments, but may show the true state of facts and what their rights and title actually are."

In the case of Meyer v State, 25 N. E. 351, quoting in part, as follows:

"If the company has paid the amount into court, it can not, on an order to show cause why the fund should not be paid to a certain person claiming to be the owner, contend that it was entitled to the land under its grant from the government of a right of way over public land."

In the case of Callendar v The Painesville & Hudson Railroad Company, in the 11 Oh St, 516, it was held:

"After having gone into possession and occupation, the condemning party can not object that the description is inaccurate."

We therefore find that the demurrer was properly sustained by the Common Pleas Court and that all questions as to ownership as between the parties were determined at the time that the jurisdictional questions were determined. It follows, therefore, that the judgment of the court below will be affirmed.

MONTGOMERY, PJ, and SHERICK, J, concur.