# APPELLATE COURT.

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1893, IN THE SEVENTY-
EIGHTH YEAR OF THE STATE.

———————◆———————

No. 946.

THE CITIZENS' INSURANCE COMPANY, OF EVANSVILLE,
INDIANA, *v.* SPRAGUE.

INSURANCE.—*Policy on Merchandise.*—*Provision for Inventory Each
Year.*—*When Failure to make not Matter of Defense.*—Where an in-
surance policy issued upon a stock of merchandise provided, as a
condition of insurance, that the insured would make an itemized
inventory of merchandise * * each year, and correct records of
all purchases and freight paid, and all sales made from the time one
inventory is made until another shall have been taken, etc., and
about two months after the issuance of the policy the property was
destroyed by fire, no inventory having been made, the failure of the
assured to make an inventory of the merchandise is no matter of
defense by the company, the assured having yet ten months in
which to make such inventory, under the terms of the policy.

From the Gibson Circuit Court.

*J. E. Iglehart, E. Taylor* and *J. H. Miller,* for appel-
lant.

*A. Gilchrist, C. A. De Bruler* and *L. C. Embree,* for
appellee.

(275)

Ross, J.—The appellee sued the appellant upon a pol-. icy of insurance, issued by it April 18, 1891, insuring his stock of merchandise for one year from that date against loss by fire. On the 18th day of June, 1891, the property insured was destroyed by fire, and appellant refusing to adjust the loss, this action was brought. The cause was tried by the court, without the intervention of a jury, a finding made, and judgment rendered in favor of the appellee.

The only questions urged on this appeal relate to the rulings of the court in sustaining the demurrers to the third, fourth, fifth, and sixth paragraphs of the answer. Each of these paragraphs of the answer is based upon the following clause in the policy, viz:

"Warranted by assured that an itemized inventory of merchandise and store furniture and fixtures shall be made once each year, and correct records of all purchases and freight paid, and all sales made from the time one inventory is made until another shall have been taken; and that such inventories and records, or duplicates thereof, shall either be kept in an iron safe or in another building located sufficiently remote from the property insured under this policy as not to be burned therewith by the same fire."

There is considerable discussion *pro* and *con,* as to whether or not the above clause is a part of the policy sued on, and, also, whether or not it amounts to a warranty. The first of these questions must be considered in the affirmative, and the second, for the purposes of this case, will be considered, in effect, as a warranty. What, then, did the appellee, under the terms of this contract, agree to do? He agreed to make out, once each year, an itemized inventory of his merchandise and store furniture and fixtures, and correct records of all purchases and freight paid, and all sales made from the

The Citizens' Insurance Company, of Evansville, Indiana, *v.* Sprague.

time one inventory was made until another should be taken.

It is averred in each paragraph of the answer that the appellee failed to make out and deposit the inventory as provided in said policy.

Under this clause of the policy, the appellee had one year from April 18, 1891, in which to make out the inventory as therein provided. Until the expiration of one year, there was no breach of the contract on his part in not making out such inventory.

The fire which destroyed appellee's property occurred just two months after the issuing of the policy sued on. Ten months remained in which the appellee was permitted to make out the inventory of the stock of merchandise, furniture, and fixtures, and until the expiration of the year allowed, there was no breach. This is the plain meaning of the language used in the policy, and to give it any other construction would simply be to do violence to the English language.

There was no error committed in sustaining the demurrers to these paragraphs of the answer.

Judgment affirmed.

REINHARD, J., absent.

Filed Dec. 12, 1893.