BRANDT ET AL. *v.* THE STATE, EX REL. BOYER.

[No. 2,194.. Filed March 31, 1897.]

INTOXICATING LIQUORS.—*Sale to Husband While Intoxicated.—Action on Bond.—Amendment of Complaint Pending Trial.*—In an action on the bond of a retail liquor dealer, brought by a wife for damages caused by a sale of liquor to her husband while intoxicated, in violation of section 15 of the act of March 17, 1875 (Acts 1875, p. 55), it was not error to permit plaintiff after the close of the evidence in chief to amend her complaint by inserting the words "State of Indiana on the relation of," immediately before her name in the title, and also in the first line of the complaint. *p. 313.*

NEW TRIAL.—*Joint Motion For.*—There is no errror in overruling a joint motion for a new trial which is not good as to all who join in it. *p. 314.*

PRACTICE.—*Amendment of Pleading Pending Trial.—Continuance.*—A pleading having been amended pending the trial of a cause it was not error to overrule a motion for a continuance, where the affidavits in support thereof did not show distinctly in what respect the parties asking the delay were prejudiced by the amendment. *p. 315.*

SAME.—*Continuance.—Discretion of Court.*—An application for a continuance is addressed to the sound discretion of the court, and where there has been no abuse of such discretion, the refusal of the continuance is not available error. *p. 315.*

INTOXICATING LIQUORS.—*Sale to an Intoxicated Person.—Action on Bond.—Statutes Construed.*—Where a liquor dealer has violated section 15 of the act of March 17, 1875, by selling liquor to an intoxicated person, the injured party has a cause of action on the liquor dealer's bond, as provided by section 20 of the same act, and it is not necessary first to exhaust the principal, but the liability may be enforced in the first instance against the principal and sureties. *pp. 316, 317.*

SAME.—*Action on Bond.—Defective Complaint.—Bond as Evidence.*—In an action on the bond of a retail liquor dealer where the original complaint was technically defective, but by leave of court was amended after the close of the plaintiff's evidence, the admission of the bond in evidence was not erroneous. *p. 318.*

From the White Circuit Court. *Affirmed.*

*Guthrie & Bushnell* and *John R. Ward*, for appellants.

. *A. W. Reynolds, A. K. Sills* and *Will R. Wood*, for appellee.

BLACK, J.—This was an action against Charles Brandt, as principal, and Lorenzo D. Taylor and Isaac G. Burns, as sureties, upon the bond of said Brandt as a licensed retailer of intoxicating liquors, for injury sustained by Mattie Boyer to her means of support on account of the use of intoxicating liquors sold to her husband, Joseph Boyer, as alleged in one paragraph of the complaint (which contained two paragraphs), and on account of intoxicating liquors sold to one George Jessup, as alleged in the other paragraph of the complaint, said intoxicating liquors having been so sold by said Brandt in violation of the act of March 17, 1875, regulating the sale of intoxicating liquors, the action being based on section 20 of said act, section 7288, Burns' R. S. 1894 (5323, Horner's R. S. 1896), and the provision of said act alleged to have been violated being that of section 15, making it a misdemeanor to sell, barter or give away any spirituous, vinous or malt liquors to any person at the time in a state of intoxication.

The defendants united in an answer of general denial.

After the case had been twice continued to the next term, the parties, by their attorneys, appeared, and the cause was tried by jury, the verdict and judgment being for the appellee in the sum of eight hundred and thirty-two and one-third dollars.

In the complaint, as originally filed, and as it remained until the close of the evidence in chief for the plaintiff, said Mattie Boyer was named as the plain-

tiff. After the evidence in chief for the plaintiff had been introduced, the plaintiff, by leave of court, and over the objection of the defendants separately, amended the complaint by inserting the words "State of Indiana, on the relation of," immediately before the name of Mattie Boyer in the title and also in the first line of the complaint, these being the only changes in the complaint.

It is claimed on behalf of the appellants that the court erred in permitting such amendment of the complaint.

The action on the bond should have been brought in the name of the State, on the relation of the injured person, and therefore it was subject to technical objection as originally filed; but the amendment did not affect the issue on trial. The nature of the cause of action was not changed. As is said in *Meyer* v. *State, ex rel.*, 125 Ind. 335, where this question is decided contrary to the view taken of it by the appellants in the present case, "The amendment was in furtherance of justice, and was within the letter as well as the spirit of the statute," citing section 396, R. S. 1881, being section 399, Burns' R. S. 1894 (396, Horner's R. S. 1896). See also, *Wabash, etc., R. W. Co.* v. *Morgan*, 132 Ind. 430, 437; *Sandford Tool & Fork Co.* v. *Mullen*, 1 Ind. App. 204; *Burns* v. *Fox*, 113 Ind. 205.

After the complaint had been so amended, the appellants, Taylor and Burns, each separately filed his affidavit for a continuance. The court refused a continuance, and the trial proceeded.

A verdict having been returned for the plaintiff, the appellants jointly moved for a new trial, the refusal of the court to grant the defendants a continuance being assigned as one of the grounds of the motion, which was overruled.

It does not appear that the appellant Brandt asked

for delay, but it appears that the other two appellants separately did so, and that upon the overruling of their separate motions for a continuance, they excepted to this ruling.

The ground stated in the motion for a new trial, "refusing to grant defendants a continuance," did not, in fact, exist.

There was no ruling in relation to a continuance asked by the appellant Brandt, or to which he excepted. The overruling of the motions for a continuance, made by the other appellants, to which they had excepted, could not be a sufficient ground of a motion on behalf of the appellant Brandt for a new trial.

It is a familiar rule, that there is no error in overruling a joint motion which is not good as to all who join in it. *Robertson* v *Garshwiler,* 81 Ind. 463; *Boyd* v. *Anderson,* 102 Ind. 217; *Carnahan* v. *Chenoweth,* 1 Ind. App. 178.

If the manner in which it was sought to preserve the question as to a continuance should be ignored, still we could not regard the action of the court as available error.

It is provided by statute that no cause shall be delayed by reason of an amendment, excepting only the time to make up issues, but upon good cause shown by affidavit of the party or his agent asking such delay; and that the affidavit shall show distinctly in what respect the party asking the delay has been prejudiced in his preparation for trial by the amendment. Sections 397, 398, Burns' R. S. 1894 (394, 395, Horner's R. S. 1896).

Each of the sureties, in his affidavit for a continuance, while not alleging that he had not been served with summons, or that he had not knowledge prior to the trial of the pendency of the action, stated that it

had been his understanding that the suit was against the defendant Brandt, individually, and could in no way affect the sureties; and there were other allegations tending to show that the affiants had been proceeding upon such theory.

As before remarked, the cause of action was not varied in any respect, and the issue on trial was not changed by the amendment. It did not render necessary or admissible any different evidence on behalf of either party. If, therefore, the sureties acted, or neglected to act upon the assumption that it was not a suit on the bond against them as well as against their principal, they did so at their own risk.

Each of the sureties in his affidavit stated that he could not make an active defense at that term, but did not show by statement of facts that he could make a better defense if granted a delay.

The affidavits did not show distinctly in what respect the parties asking the delay had been prejudiced in their preparation for trial by the amendment. See *Hubler* v. *Pullen*, 9 Ind. 273; *Cox* v. *Stout*, 85 Ind. 422.

An application for a continuance is addressed to the sound discretion of the court, and where, as here, there does not appear to have been an abuse of such discretion whereby injustice was done, the refusal of the continuance is not available error. *Whitehall* v. *Lane*, 61 Ind. 93; *Belck* v. *Belck*, 97 Ind. 73; *Warner* v. *State*, 114 Ind. 137.

A motion made by all the applicants jointly in arrest of judgment was overruled. This ruling is assigned as error; and it is also assigned that the complaint did not state facts sufficient to constitute a cause of action as against any of the appellants.

These assignments may be disposed of by remarking that they are waived by the express admission of

the appellants in their brief that the complaint alleged sufficient facts to constitute a cause of action in favor of the plaintiff as against the appellant Brandt.

A cause assigned in the motion of appellants for a new trial, and urged in argument, was the admission in evidence of the bond in suit.

This matter may be considered in connection with the assignment of error, on behalf of the appellants Taylor and Burns, that the complaint did not state facts sufficient to constitute a cause of action against them.

It is contended that the complaint, as it was before the amendment, stated only a cause of action in tort against the appellant Brandt alone, for the reason that the action was brought by Mattie Boyer, and not by the State on the relation of Mattie Boyer, and, furthermore, it is contended that even after the amendment the complaint did not show a cause of action upon the bond, for the alleged reason that it contained no averment of the breach of the bond, this position of counsel being based, as we understand them, upon their assumption that "before there can be any liability on the bond, there must have been an action and a judgment against the saloonkeeper personally," and that if he fails to pay such judgment, suit may then be brought on the bond.

The bond in question, as required by section 4 of the act of March 17, 1875, section 7279, Burns' R. S. 1894 (5315, Horner's R. S. 1896), was conditioned that the appellant Brandt would keep an orderly and peaceable house, and pay all fines and costs that might be assessed against him for any violation of the provisions of said act of March 17, 1875, and for the payment of "all judgments for civil damages growing out of unlawful sales," etc.

By section 20 of said act, mentioned before in this opinion, every person selling, etc., "shall be personally liable, and also liable on his bond filed in the auditor's office, as required by section 4 of this act, to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction."

The appellants contend that the two remedies thus given "are not concurrent, so that the plaintiff can elect which he will pursue, but that they are successive."

The provisions of the statute enacted together should be construed together. The intention of the legislature, which we must carry out, appears to be that the liability of the principal and sureties upon the bond, given under the provisions of section 4 of the act, shall extend to any injury or damage which any person shall sustain to his person, property or means of support, on account of the use of intoxicating liquors sold in violation of any of the provisions of the act of March 17, 1875, and that such liability may be enforced in the first instance against the principal and sureties by a suit against them upon the bond, without the circuity of action suggested by counsel, so unnecessary that the intention to require it should not be attributed to the legislature, if the language of the statute admit, as it plainly does, a contrary construction.

The bond is statutory, and it was within the authority of the legislature to prescribe its form in said section 4, and to attach to a bond in that form such liability of the parties thereto as was provided for in said section 20.

The statute has had such practical application by

the Supreme Court and by this court. *State, ex rel.,* v. *Cooper,* 114 Ind. 12; *Wall* v. *State, ex rel.,* 10 Ind. App. 530; *Boss* v. *State, ex rel.,* 11 Ind. App. 257; *Realh* v. *State, ex rel.,* 16 Ind. App. 146.

The questioning of the sufficiency of the complaint by assignment of error has relation, of course, to the complaint as amended, and not to the complaint in its original form.

Inasmuch as we regard the original complaint as being a complaint on the bond, technically defective, but amendable, we cannot regard the admission of the bond in evidence as erroneous.

The judgment is affirmed, with 10 per cent. damages and costs.