Hanover Fire Insurance Company *v.* Dole.

what we have said it follows that the demurrer to the answer should have been overruled. Judgment reversed.                                     ○

HANOVER FIRE INSURANCE COMPANY V. DOLE.

[No. 2,478.   Filed June 7, 1898.]

INSURANCE.—*Application.*—Where an applicant for insurance on the 24th day of August, 1895, stated in his application that he had taken an inventory of stock in March, 1895, and agreed therein to take an inventory once a year during the life of the policy, he was not thereby required to take an inventory in March, 1896, but had one year from the date of the policy in which to make such inventory. *pp. 334-336.*

SAME.—*Construction of Policy.—Forfeitures.—Warranties.*—In contracts of insurance all doubtful or ambiguous clauses will be construed with a view to prevent a forfeiture of the policy, and where a clause is capable of two constructions, one of which would work a forfeiture, and the other prevent a forfeiture, the court will adopt that construction which will prevent a forfeiture, and not a construction which imposes upon the assured the obligation of a warranty. *pp. 336, 337.*

SAME.—*Promissory Warranties.*—An agreement in an application for insurance to take an inventory of stock, and keep accounts of purchases and sales in an iron safe is a promissory warranty, and a failure to observe such agreement renders the policy voidable; if the company knows that such agreement is not being complied with, and takes no steps to forfeit the policy. it will not be heard, after a loss, to say that by reason of the failure to observe the agreement that the policy is void. *p. 338.*

SAME.—*Limitation of Power of Agents.—Waiver.*—A clause in a policy of insurance providing that no officer or agent of the company shall have any power to waive any provision or condition in the policy unless such waiver is in writing and attached thereto, may be itself waived by the insurer, either by express agreement or by the conduct of the company. *pp. 338, 339.*

From the Whitley Circuit Court.   *Affirmed.*

*Thomas Bates, I. W. Leonard* and *D. V. Whiteleather,* for appellant.

*Thomas R. Marshall, Wm. F. McNagney* and *P. H. Clugston,* for appellee.

ROBINSON, J.—The questions presented by this appeal arise upon the pleadings.

The second paragraph of complaint avers: That on the 24th day of August, 1895, appellant for a named premium, insured appellee's property for one year against loss by fire in the sum of $2,300.00, $600.00 of which was on a building, $200.00 on store, furniture and fixtures, and $1,500.00 on a stock of general merchandise; that the policy stipulated that the assured "shall take an inventory of the stock hereby covered at least once a year during the life of this policy, and shall keep books of account, correctly detailing purchases and sales of said stock, and shall keep said inventory and books securely locked in an iron safe during the hours that said store is closed for business. Failure to observe these conditions shall work a forfeiture of all claims under this policy. Reference is made to his application, which is made a part of this policy." (A copy of the policy is made part of the complaint.) That $100.00 additional insurance was afterwards granted on the store room front, expiring with the policy; that appellee complied in all particulars with the terms of said policy; that on August 3, 1896, without appellee's fault, said property was totally destroyed by fire; that on the 12th day of August, 1896, appellee made proof of loss as required by the policy; that appellant refused to pay said loss on the ground that appellee had forfeited his policy by failing to keep an inventory, and books of accounts of his stock locked in an iron safe, but it is averred that appellee had one year to make said inventory and keep the same in such safe; that he is ready and willing to prove that such valuations are correct.

The third paragraph of complaint contains additional averments, to the effect that appellee com-

plied in all particulars with the terms of said policy, except that he failed to put in an iron safe an inventory of the stock of goods which he had made, and an account of his daily sales and purchases, which he likewise kept; that said iron safe at the date of said policy was a small and an old safe, and after said policy was issued, he sold said safe and purchased a new one for the use of the post-office, and which was not to be used for any other purpose; that shortly prior to said loss, appellee explained to one Campbell, agent of appellant, and who had issued said policy, that he had sold his old safe and was not putting his books of accounts of purchases and sales in said new safe, nor had he put the inventory therein; and that said Campbell said he was satisfied with the condition of said stock, and that it was all right for him not to put said inventory and books in said safe.

Demurrers were overruled to these paragraphs and an answer in seven paragraphs filed, the first of which (the general denial), was afterwards withdrawn. A demurrer to each paragraph of answer was sustained, and appellant refusing to plead further, judgment was rendered in appellee's favor for $2,472. The overruling of the demurrers to the complaint, and sustaining the demurrers to the answer are the errors assigned.

Counsel for appellant have not discussed the rulings on the demurrers to the fifth, sixth, and seventh paragraphs of answer, and the questions raised by the fourth paragraph of answer are the same as those presented by the demurrer to the third paragraph of complaint.

The second paragraph of answer admits the execution of the policy, and the loss by fire, and avers that by appellee's written application for insurance, made a part of the paragraph, he warranted the truthful-

ness of all the facts contained therein; that in said application, appellee stated he had taken an inventory of his stock of goods in March, 1895, and that he made an inventory annually. The stipulation about the inventory and books of account, etc., as stated in the complaint, is then set out, and it is averred that appellee, in his application, agreed and warranted that he would take an account of his stock in March, 1896; that appellee did not keep such books of account, did not take an inventory in March, 1896, and did not keep such inventories and books of account in an iron safe, as in his application he had agreed to do.

The breach of the contract pleaded in the third paragraph of answer is failure to place such books and inventories in such safe; that the warranty covered both the inventory made in March, 1895, and the inventory agreed to be made in March, 1896, and that none of said conditions were ever waived by appellant.

In appellee's application for insurance, filed as an exhibit with the second paragraph of answer, he stated that the inventory of the stock was taken annually, and that the last inventory was taken in March, 1895. The assured had agreed to take an inventory of the stock at least once each year during the life of the policy. It cannot be said that he then agreed to take an inventory in March, 1896, and under the ruling in *Citizens Insurance Co.* v. *Sprague*, 8 Ind. App. 275, the assured had one year from and after the date of the policy in which to make such inventory. It is well settled that in contracts of insurance, all doubtful or ambiguous clauses will be construed with a view to prevent a forfeiture of the policy, and that where a clause is capable of two constructions one of which would work, and the other prevent a forfeiture, it is the province of the court to adopt that construction which will prevent a forfeiture, and not a con-

struction which imposes upon the assured the obligation of a warranty. *Indiana, etc., Ins. Co.* v. *Byrkett,* 9 Ind. App. 443; *Union Cent. Life Ins. Co.* v. *Pauly,* 8 Ind. App. 85; *Indiana, etc., Ins. Co.* v. *Rundell,* 7 Ind. App. 426; *Northwestern, etc., Ins. Co.* v. *Hazelett,* 105 Ind. 212, 55 Am. Rep. 192; *Moulor* v. *American, etc., Ins. Co.,* 111 U. S. 335; *Schmidt* v. *German Mut. Ins. Co.,* 4 Ind. App. 340.

Construing the policy that appellee had one year from the date thereof to file an inventory, the question arises as to when the keeping the books of accounts of purchases and sales should begin. So far as the pleadings show, the only inventory ever made was in March, 1895. The policy was issued in August, 1895. The only value, so far as the policy is concerned, such books of accounts could have, would be to show the current increase and diminution of the stock, and it was evidently intended that this should begin with an inventory. The true meaning of the clause in question is that when, by the terms of the application and policy, an inventory was made of the stock, books of accounts of purchases and sales, should be kept, so that, by a reference to the inventory and such purchases and sales at any time, the amount of stock on hand could be ascertained. This was the only purpose of this provision in the policy. The requirement that an inventory should be taken, and an account of purchases and sales should be kept, are not provisions independent of each other, but are to be construed together. The policy was for a single year, and appellee had until the expiration of that year to make the inventory. He was not required to make an inventory immediately upon receipt of the policy, and was required to keep books of accounts of purchases and sales only from the time of making the in-

ventory. *Forehand* v. *Niagara Ins. Co.*, 58 Ill. App. 161. See *Citizens Ins. Co.* v. *Sprague, supra.*

Even if it were conceded that there was a failure on the part of the assured to comply with the terms of the policy in the manner above stated, yet we must hold that the pleadings show a waiver of the conditions concerning the keeping of the books of accounts of purchases and sales in a safe. The agreement to keep the books of accounts was a promissory warranty. Wood on Insurance, 422. It was in the policy for the benefit of the insurer. A failure to observe it rendered the policy voidable. If the company, in such case, knows that such a condition is not being complied with, but takes no steps to forfeit the policy, it will not be heard, after a loss, to say that by reason of the failure to observe the condition the policy is void. Thus in *Havens* v. *Home Ins. Co.*, 111 Ind. 90, the court, by Mitchell, J., said: "It is abundantly settled that, notwithstanding conditions in the policy, if at the time the insurance was effected, or afterwards, there were conditions, uses, or incidents of the risk which were in conflict with conditions in the policy, and which were known to the insurer, or its agent, whose knowledge is imputable to the company, such conditions, uses, or incidents cannot be used to defeat a recovery after a loss has occurred. Issuing or continuing a policy of insurance, with full knowledge by the company of existing facts, which, according to a condition of the contract, make it voidable, is a waiver of the condition." But is is argued that the waiver is not good, under that clause of the policy providing that no officer or agent of the company should have power to waive any provision or condition in the policy unless in writing and attached thereto.

It must be conceded, however, that this stipulation itself could be waived by the insurer, either by express

agreement or by the conduct of the company.  *German Ins. Co.* v. *Niewedde*, 11 Ind. App. 624; *Sweetser* v. *Odd Fellows, etc., Assn.*, 117 Ind. 97; *Phenix Ins. Co.* v. *Lorenz*, 7 Ind. App. 266.    It is well settled that a contract of insurance may be by parol, and that such a parol contract may be made by an agent having general authority to make contracts of insurance.  *Commercial, etc., Assurance Co.* v. *State, ex rel.*, 113 Ind. 331, and cases there cited.   In *Moffitt* v. *Phenix Ins. Co.*, 11 Ind. App. 233, it is said that a stipulation in a policy of insurance that the conditions of the policy can be waived only by the general agent, in writing, does not render an oral waiver by a local agent inoperative, since such stipulation may itself be waived.   See *German Ins. Co.* v. *Sanders*, 17 Ind. App. 134.

The conditions as to how this provision of the policy should be carried out were for the benefit of the company.   If there was a failure to comply with some condition of the policy, which fact was known to the company, it could have terminated the policy, and refunded the unearned premium.   As soon as the failure to observe the conditions became known to the company, the policy was voidable, and the failure of the company to take any action in the matter, having such knowledge, must be held a waiver.   Judgment affirmed.