## RINEHART *v.* THE STATE EX REL. KEITH.

### [No. 2,954.  Filed November 29, 1899.]

APPEAL AND ERROR.—*Conflicting Evidence.*—The Appellate Court will not reverse a judgment on conflicting evidence.  *p. 420.*

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial will not be granted on account of newly discovered evidence, when such evidence is merely cumulative.  *p. 420.*

SAME.—*Newly Discovered Evidence.—Diligence.*—A party asking for a new trial on the ground of newly discovered evidence must show facts from which the court can determine whether he has exercised due diligence.  *pp. 420, 421.*

SAME.—*Newly Discovered Evidence.*—To warrant the granting of a new trial on account of newly discovered evidence, the evidence must be of such a character that it would likely change the result.  *p. 421.*

APPEAL AND ERROR.—*Waiver.*—Assignments of error which are not discussed will be deemed waived.  *p. 421.*

BASTARDS—*Character of Relatrix.—Instruction.*—Where in the trial of a bastardy proceeding there was evidence from which the jury might reasonably conclude that defendant was the father of the child, it was not error to instruct the jury that "it would make no difference how immoral the relatrix has been, or what acts of intercourse she has had with other men, as the purpose of this suit is to determine the paternity of such bastard child, and provide for its maintenance and education."  *pp. 422, 423.*

INSTRUCTIONS.—*Refusal to Give.*—No error was committed in refusing an instruction when the substance of it had been given in another instruction.  *pp. 423, 424.*

From the Madison Superior Court.  *Affirmed.*

*B. R. Call* and *C. M. Greenlee,* for appellant.
*Dean & Dean* and *D. W. Scanlan,* for appellee.

WILEY, C. J.—This was an action to establish the paternity of the illegitimate child of the relatrix and to provide for its maintenance.  The case was tried by a jury and resulted in a verdict finding that appellant was the father of the child.  Appellant's motion for a new trial was overruled, and the court fixed the amount to be paid by appellant for the support of the child at $500, and rendered judgment

accordingly. The record also shows that appellant moved to modify the judgment, which motion was overruled. Overruling the motions for a new trial and to modify the judgment are assigned as error.

The second and third reasons assigned for a new trial are that the verdict is contrary to law, and that it is not sustained by sufficient evidence. Appellant has argued at some length that the evidence is not sufficient to support the verdict and judgment. We have read and carefully considered all the evidence, and we find that there is an abundance of evidence in the record upon which the jury were authorized to find that appellant was the father of the relatrix's child. In fact, we do not see how they could have reached a different conclusion. It is enough for us to say that there is much legitimate evidence in the record to support the verdict, and while there is some conflict as to the material fact at issue, yet we are not at liberty to weigh the evidence, and hence the judgment must stand unless the record presents some reversible error.

Appellant's fourth reason for a new trial was based upon newly discovered evidence and was supported by the affidavit of appellant, and one Bradley, as to what the evidence was. These affidavits stated that Bradley, one of the affiants, would testify, if a new trial should be granted, that he had sexual intercourse with the relatrix about the time when she testified she became pregnant by appellant. There are two reasons why the facts stated in the affidavits were insufficient to warrant the granting of a new trial; (1) the newly discovered evidence was merely cumulative, and (2) due diligence was not shown why the evidence was not sooner discovered. There was some evidence introduced which, if the jury believed, they could have found that at about the time the relatrix testified she became pregnant she had improper relations with other men. It is plain that the newly discovered evidence relied upon was purely cumulative, and that it has long been the rule in this jurisdiction, from which

Rinehart v. State, ex rel.

no variance has been made, that a new trial will not be granted for newly discovered evidence when such evidence is merely cumulative. *Hines* v. *Driver*, 100 Ind. 315; *Wall* v. *State, ex rel.*, 80 Ind. 146; *Baldwin* v. *Shill*, 3 Ind. App. 291; *Cincinnati, etc., R. Co.* v. *Lutes*, 112 Ind. 276. In his affidavit in support of his fourth reason for a new trial, appellant states that neither he nor his counsel knew, until after the trial, that Bradley would testify as stated, and that they could not have discovered such newly discovered evidence by the exercise of reasonable diligence. The affidavit is silent as to any affirmative act on the part of appellant looking toward the discovery of such evidence, and failing in this, the affidavit is insufficient. The law requires the exercise of reasonable diligence and watchful vigilance on the part of the litigants in the preparation for the trial of their cause, and courts will not grant them relief on account of their own laches. A party asking for a new trial on the ground of newly discovered evidence must show facts from which the court can determine whether he has exercised due diligence. *Hines* v. *Driver*, supra; *Wall* v. *State, ex rel.*, supra. Another wholesome rule is that newly discovered evidence relied upon for a new trial should be so strong, clear, and convincing, that it would likely change the result, before a new trial should be granted for that reason. *Freeman* v. *Hutchinson*, 15 Ind. App. 639; *Morrison* v. *Carey*, 129 Ind. 277; *Thornburg* v. *Buck*, 13 Ind. App. 446; *Sullivan* v. *O'Connor*, 77 Ind. 149; *Richter* v. *Meyers*, 5 Ind. App. 33; *Simpson* v. *Wilson*, 6 Ind. 474; *Jackson* v. *Swope*, 134 Ind. 111.

By the fifth to the sixteenth reasons, inclusive, for a new trial, the giving and refusing to give certain instructions are questioned. Appellant has waived, by his failure to discuss them, all except the giving of the fifth instruction on the court's own motion, and the refusal to give instruction numbered two, tendered by the appellant. We will consider these in their order. Instruction number five, given by the

court, is as follows: "If you find from a preponderance of all the evidence that the relatrix Mettie M. Keith has been delivered of a bastard child, and that said child is now living, and that the defendant Jacob Rinehart is the father of such bastard child, it would make no difference how immoral the relatrix has been, or what acts of intercourse she has had with other men, as the purpose of this suit is to determine the paternity of such bastard child and provide for its maintenance and education." Appellant concedes that the instruction is technically correct, but that it is palpably wrong when considered in the light of the defense made. Counsel for appellant rested their defense upon the ground that the relatrix was a prostitute and had indiscriminately had sexual intercourse with men other than appellant at or about the time she says she became pregnant, and this being true, it was impossible for her to say who the father of her child was. If, as contended by appellant, relatrix did sustain such unlawful and immoral intercourse with other men that she could not tell with absolute certainty who was the father of her child, yet what she did say about it, together with all the facts and circumstances attending it, was competent for the jury to consider in arriving at the fact at issue. She testified that within a very short time after one of her menstrual periods, appellant had sexual intercourse with her several times, and that that was when she became pregnant. She testified that at or about that time she did not have such relations with any other man. It was shown by the evidence of a physician that a woman was more apt to become pregnant soon after a menstrual period than at any other time. The evidence also shows that the child was born after the full period of gestation, running from the time when she says she had such intercourse with appellant soon after one of her menstrual periods. There is also evidence in the record from which the jury could have found that appellant had admitted that he was the father of the child. But our courts have gone so far as to say: "There is no doubt, however,

that there are or may be circumstances enabling a female to determine to which of two or more connections her conception is due." *Goodwine* v. *State, ex rel.*, 5 Ind. App. 63; *Kintner* v. *State, ex rel.*, 45 Ind. 175. Taking the facts as we have stated them, and applying the rule of law to them which we have just quoted, it was a reasonable conclusion, and one fully sustained by the facts, that the jury reached. The instruction complained of correctly stated the law, was not misleading, and was applicable to the facts.

Appellant's last point of discussion is that the court erred in refusing to give instruction number two tendered by him. By this instruction, the jury were told that if it is only by inference that a female can fix the paternity of her offspring, and that she had intercourse with different persons at or about the same time she became pregnant, she thus places it beyond her power to draw any safe conclusion upon the subject; and if they found that the relatrix about the time conception occurred had intercourse with persons other than the defendant, under circumstances which were adequate to produce pregnancy, and that there was no circumstance by which she could determine in favor of either, their verdict should be for the defendant. If we concede without deciding that this instruction was a correct exposition of the law, it was not error to refuse it, for the reason that it was substantially embraced by instruction number four given by the court. In the latter instruction, the court told the jury that if they should find that about the time the relatrix became pregnant she had sexual intercourse with the defendant and also with a person or persons other than the defendant, and that they were unable to determine from the evidence from which act of intercourse conception resulted, their verdict should be for the defendant. When we consider both of these instructions within the light of the evidence, we are unable to discover any error in refusing to give the instruction refused. While it was a little broader than the one given, and contained one or more addi-

tional elements, yet the substance of it was covered by instruction numbered four given. The real substance of both instructions was that if it was found that the relatrix had sexual intercourse with persons other than appellant, at or about the time she became pregnant, and the jury were unable from the evidence and the circumstances detailed to determine from what act of intercourse conception resulted, then their verdict should be for the defendant.

It has long been the rule that it is not reversible error to refuse an instruction when the substance of it has been given in another instruction. *Westbrook* v. *Aultman, etc., Co.,* 3 Ind. App. 83; *Cleveland, etc., R. Co.* v. *Wynant,* 134 Ind. 681; *State, ex rel.,* v. *Sutton,* 99 Ind. 300; *Blizzard* v. *Applegate,* 61 Ind. 368; *Jennings* v. *Howard,* 80 Ind. 214; *Atkinson* v. *Dailey,* 107 Ind. 117; *National Benefit Assn.* v. *Grauman,* 107 Ind. 288; *Terry* v. *Shively,* 93 Ind. 413; *Louisville, etc., R. Co.* v. *White,* 94 Ind. 257. The court did not err in refusing to give instruction number two, tendered by appellant. We have disposed of all the questions discussed by appellant and do not find any error in the record. Judgment affirmed.