## NORTH BRITISH AND MERCANTILE INSURANCE COMPANY v. RUDY.

[No. 3,438.    Filed April 2, 1901.]

APPEAL AND ERROR.—*Pleading.*—*Amendment During Trial.*—Under §399 Burns 1894, authorizing amendment of pleadings, the action of the trial court in allowing an amendment during the trial of the action will not be cause for reversal, where the record does not show that the court abused its discretion in that regard. *pp. 473, 474.*

SAME.—*Harmless Error.*—*Demurrer.*—*Answer.*—It is not reversible error to sustain a demurrer to a paragraph of answer where the facts alleged therein were provable under the general denial. *pp. 474, 475.*

SAME.—*Refusal of Continuance.*—*Discretion of Court.*—Where an affidavit in support of a motion for a continuance failed to state in what respect defendant was injured in being forced to trial, the refusal to grant the continuance will not be reviewed, since the application for a continuance is addressed to the sound discretion of the court. *p. 475.*

SAME.—*Misconduct of Court.*—*Issues During Trial.*—*Amendment of Complaint.*—*Answer.*—Upon amendment of complaint during trial, it was not reversible error for the court to require the issues to be made up in the presence of the jury, where no objection was made thereto in the trial court. *p. 475.*

SAME.—*Instruction.*—*Refusal.*—It is not error to refuse an instruction which is fairly covered by another instruction given. *pp. 476, 477.*

From the Rush Circuit Court.    *Affirmed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*B. L. Smith, Claude Cambern* and *D. L. Smith,* for appellee.

WILEY, J.—Suit by appellee against appellant on an insurance policy to recover for a loss sustained by fire; trial by jury; verdict and judgment for appellee.

In their argument counsel for appellant have discussed but three questions: (1) The action of the court in allowing appellee to amend his complaint during the pendency of the trial; (2) the overruling of its motion for a continu-

ance upon the filing of the amended complaint, and (3) the overruling of its motion for a new trial.

The record shows that the jury had been impaneled and the trial commenced. Appellee was the first witness called in his own behalf, and, after some few questions had been asked and answered by him, his counsel moved the court for permission to file an amended complaint. This motion was supported by affidavit under a rule of the trial court, and, over appellant's objections, the court sustained the motion, and an amended complaint was filed. In the original complaint there was an averment that appellee had performed all the conditions of the contract of insurance on his part. The original complaint was amended by adding to it certain averments in relation to the notice given by appellee to appellant as to the loss, and the sending by appellant of its agent and adjuster, in pursuance to said notice, to investigate the loss, and its refusal to pay the same. The amendment shows that the notice was given to appellant's local agent; that it was forthwith communicated to its general agent in writing. The facts averred in the amendment were peculiarly within the knowledge of such agents, and the record shows they were both present at the trial and testified as witnesses. The right to amend pleadings is conferred by statute (§399 Burns 1894), and such statutory provision has been liberally construed. By the amendment in this case, the cause of action was not changed, and in such case it is not error to permit such amendment. *Jenne* v. *Burt*, 121 Ind. 275; *Meyer* v. *State, ex rel.*, 125 Ind. 335; *Wabash, etc., R. Co.* v. *Morgan*, 132 Ind. 430, 437; *Raymond* v. *Wathen*, 142 Ind. 367; *Chicago, etc., R. Co.* v. *Jones*, 103 Ind. 386.

The rule prevails in this State that granting leave to file amendments to pleadings after the issues are closed, and pending the trial, is a matter resting largely in the discretion of the trial court. It is only in cases where there seems to have been an abuse of that discretion, apparently result-

ing in injustice, that the appellate tribunal will interfere. *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213; *Smith* v. *Byers,* 20 Ind. App. 51; *Brandt* v. *State, ex rel.,* 17 Ind. App. 311; *Diltz* v. *Spahr,* 16 Ind. App. 591.

The record fails to show that the trial court abused its discretion. After the amended complaint had been filed and issues joined thereon by answer and reply, the jury was re-sworn and the trial proceeded to final judgment.

Appellant's fourth paragraph of answer, to which a demurrer was sustained, sets out certain stipulations of the policy sued on, which required appellee to take an inventory of stock once a year, keep books of account, detailing purchases and sales, and keep same locked in an iron safe. The policy was made a part of the complaint by exhibit, and the complaint averred that appellee had duly performed all of its conditions on his part. To this amended complaint a general denial was filed. Upon this issue, appellee had the burden and he was bound to prove all material averments of his complaint. Also, under such issue, appellant could prove any material facts which tended to show that appellee had failed to perform any of the conditions imposed upon him by the terms of the policy. Thus it could have shown, under the general denial, every material averment of its fourth paragraph of answer. It will be observed that by the terms of the policy appellee was required to take an inventory of his stock once a year (the policy covering a general stock of merchandise in bulk). The policy was issued January 11, 1899, and the fire occurred June 11, 1899. The appellee had the entire year of the life of the policy in which to make an inventory, and was only required to keep books of sales and purchases from one inventory until a succeeding one was made. When the fire occurred, appellee had seven months in which to make an inventory. *Citizens Ins. Co.* v. *Sprague,* 8 Ind. App. 275. If for no other reason, it was not error to sustain the demurrer to the fourth paragraph of answer, because the facts averred therein were provable

under the general denial. *Jeffersonville, etc., Co.* v. *Riter,* 146 Ind. 521; *Pullman, etc., Co.* v. *Marsh,* 24 Ind. App. 129.

One reason assigned for a new trial was the overruling of appellant's motion for a continuance, upon the filing of the amended complaint. This motion was supported by the affidavit of one of appellant's counsel. As we have seen, no new cause of action was stated in the amendment to the complaint. There is no statement in the affidavit in support of the motion for continuance showing in what respect appellant was prejudiced in being forced to trial. This was necessary. *Brandt* v. *State, ex rel.,* 17 Ind. App. 311. An application for continuance is addressed to the sound discretion of the trial court, and where there has been no abuse of such discretion, the Appellate Court will not disturb or review the ruling thereon. *Brandt* v. *State, ex rel.,* 17 Ind. App. 311; *Whitehall* v. *Lane,* 61 Ind. 93; *Belck* v. *Belck,* 97 Ind. 73; *Warner* v. *State,* 114 Ind. 137.

It is also urged, and the question is properly presented by the motion for a new trial, that it was error for the court to require the appellant to file its answer and make up the issues upon the filing of the amended complaint in the presence of the jury, etc. So far as the record shows, no objections were made below to making up issues in the presence of the jury and arguing questions arising thereunder. It is too late to raise such question now. Appellant was given sufficient time to prepare and file its answer to the amended complaint, and in fact the amended answer was in all essential respects the same as the original answer. There was no error in this action of the court.

The first, second, third, and fourth reasons for a new trial question the sufficiency of the evidence to support the verdict. The only question argued under these reasons relates to the evidence of the proof of loss. A careful examination of the record has convinced us that the evidence upon this point was amply sufficient, and in substantial compli-

ance with the provisions of the policy. The proof of loss was in writing, signed and verified by the appellee, and was sufficiently specific within the provisions of the policy. There was no error in overruling appellant's objection to the introduction of this proof of loss in evidence, and the evidence as to the loss was sufficient. True, appellant made specific written objections to the proof of loss; but, without going into detail as to such objections, we are firmly convinced that they do not prejudice appellee's right to recover. See *Hanover Ins. Co.* v. *Dole,* 20 Ind. App. 333.

The remaining questions discussed relate to the giving and refusing to give certain instructions. Appellant complains of instruction number three given by the court of its own motion. This instruction undertook to explain to the jury certain issues raised by appellant's second paragraph of answer. In such paragraph appellant set up certain provisions of the policy, and averred that they had been violated by the appellee; and it is urged that the court failed to state all of its material averments. In this we think that counsel are in error, for the instruction plainly and fairly states all the material allegations therein. It follows that the case of *Indiana Ins. Co.* v. *Pringle,* 21 Ind. App. 559, cited by counsel, is not in point, for there the court, when stating the material averments of the complaint to the jury, omitted to state that at the time of the fire the plaintiff was the owner of the property destroyed, which was alleged in the complaint. It was held that such omission made the instruction fatally defective. There was no error in refusing to give instruction number two asked by appellant, because every material statement therein was fully covered by instructions three and nine given by the court. For the same reason it was not error for the court to refuse instruction number three tendered by appellant, for the substance of it was stated and the propositions of law were embraced in instruction number ten given by the court. It has often been ruled that it is not error to refuse an instruction where

the instruction refused was fairly covered by an instruction given. *Ray* v. *Moore,* 24 Ind. App. 480; *Hinshaw* v. *State,* 147 Ind. 334; *Rinehart* v. *State, ex rel.,* 23 Ind. App. 419.

We do not find any reversible error.   Judgment affirmed.