FRED C. HAMANN ET AL., APPELLEES, V. NEBRASKA UNDER-
WRITERS INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 22, 1908. No. 15,232.

1. **Insurance: FORFEITURES.** "Forfeitures are looked upon by the
courts with ill-favor, and will be enforced only when the strict
letter of the contract requires it; and this rule applies with
full force to policies of insurance." *Connecticut Fire Ins. Co. v.
Jeary*, 60 Neb. 338.

2. **Contracts: CONSTRUCTION: FORFEITURES.** Where a contract is sus-
ceptible of two constructions, one of which will work a for-
feiture, and the other will not, that construction should be
adopted which will prevent the forfeiture and preserve the
rights of the parties.

3. **Insurance Policy: CONSTRUCTION.** Where it is conditioned in a
policy of insurance "that the assured shall take an inventory
of the stock hereby covered at least once a year during the life
of this policy, and shall keep books of account, correctly de-
tailing all purchases and sales of said stock, and shall keep said
inventory and books securely locked in a fireproof safe, or in
some place secure against fire in another building during the
hours said store is not open for business; and in case of loss
the assured agrees and covenants to produce such books and
inventory, and in the event of failure to produce the same or
any of them on demand, or failure to comply with any one of
the above conditions, this policy shall be null and void, and
no suit or action at law shall be maintained thereon for such
loss"—*held*, that the provisions for taking an inventory and
keeping it with the books of account of purchases and sales
should be construed conjointly; that the purpose of the require-
ment to keep the inventory and books of account in a fireproof
safe was to enable the parties to estimate the damage in case
of loss, and the books of account would furnish no aid unac-
companied by the inventory, and therefore there was no default
on the part of the assured in not keeping his books of account
in a fireproof safe until the expiration of the time within
which to take the inventory.

APPEAL from the district court for Saunders county:
ARTHUR J. EVANS, JUDGE. *Affirmed.*

*Halleck F. Rose* and *Wilmer B. Comstock*, for appel-
lant.

*John H. Barry*, contra.

REESE, J.

This is an action on an insurance policy issued by the defendant to the plaintiffs upon a stock of merchandise consisting of hardware, paints and oils; said policy being dated March 30, 1906. The insured property had, lately before the issuance of the policy, been removed from the village of Yutan, in Saunders county, to the proposed village of La Shara, in the same county, some eight miles away, but which at that time was no more than a station on a newly constructed railroad. At the time of the removal of the goods, which was about the 1st of February of the same year, an inventory was taken, and the value found to be $4,670. The policy was delivered to the assured some two weeks after its date, and about two weeks thereafter the building in which the goods were kept, and which was newly constructed, together with all its contents, was totally destroyed by fire. The inventory and all books of account were also destroyed, no fire-proof safe being kept in the store building. Upon notice of the fire being given to defendant it denied all liability upon the policy, basing such denial upon the failure of the assured to comply with the conditions and requirements of what is usually termed "the fire-proof safe clause" contained in the policy. The amount insured by the policy was $500. The petition was in the usual form. The answer, in addition to its denials, contained two specific defenses, numbered second and third therein. The third defense set up the requirements of the policy as to giving formal notice and proofs of the loss, and alleged that the plaintiffs had failed and refused to furnish such proofs, as by the policy required. As we have said, all liability under the policy was denied; and, as it is conceded that such denial constituted a waiver of this defense, no further attention need be given to it. The second defense set out the "fire-proof safe clause" of the policy, and alleged that plaintiffs had failed and refused to comply with any of its provisions, and that by the terms of the policy such

failure absolved defendant from all liability for the loss. The clause referred to, with a description of the insured property, is contained in a "sticker" or "rider" pasted in the policy, and is as follows: "It is expressly warranted by the assured that the assured shall take an inventory of the stock hereby covered at least once a year during the life of this policy, and shall keep books of account, correctly detailing all purchases and sales of said stock, and shall keep said inventory and books securely locked in a fireproof safe, or in some place secure against fire in another building during the hours said store is not open for business; and in case of loss the assured agrees and covenants to produce such books and inventory, and in the event of failure to produce the same or any of them on demand, or failure to comply with any one of the above conditions, this policy shall be null and void, and no suit or action at law shall be maintained thereon for such loss."

It is claimed by defendant that this clause is a promissory warranty, and that it is binding in all its terms; while plaintiffs insist that the clause has no binding force, for the reason that they had no notice or knowledge of its existence, and that the requirement to keep the inventory and books of account in a fireproof safe must be construed together; that the requirement of the policy that "the assured shall take an inventory of the stock hereby covered at least once a year during the life of the policy" gave to plaintiffs one year in which to take the inventory, and the policy being of only one year's duration, no inventory was required, and until such inventory was taken the obligation of the clause as to both the inventory and the books of account was suspended. It is also claimed that the local agent who issued the policy knew that plaintiffs had no safe at the time of the delivery of the policy; that his knowledge was the knowledge of defendant, and therefore the clause requiring a safe to be kept was not binding on plaintiffs; and that a compliance with its provisions was waived. As there is

no averment of such waiver presented in the pleadings, it will not be further noticed. A jury trial was had in the district court, and after the evidence was closed the court instructed the jury that neither the second nor third defense pleaded in the answer would furnish any defense to the action, and that no attention need be given them. The jury returned a verdict in favor of plaintiffs for the full amount of insurance named in the policy. Proper exceptions were taken to the action of the court. A motion for a new trial was filed and overruled, and judgment was rendered upon the verdict. The defendant appeals, and assigns the ruling and instruction of the court, together with the ruling on the motion for a new trial, as error.

We think the whole defense must stand or fall upon the construction to be given the above copied clause. We are reminded at the outset that the law does not favor forfeitures, and that if a writing providing for a forfeiture is susceptible of different constructions, one of which will enforce the forfeiture, and the other will prevent it, that construction should be adopted which will preserve rights and avoid the forfeiture. The law also requires a strict construction of agreements of forfeiture as against the party seeking their enforcement. We therefore conclude that, in so far as this inquiry is concerned, the contention of defendant that the clause referred to is a warranty is not material. In *Continental Ins. Co. v. Waugh & Son*, 60 Neb. 348, it was held that, where it was provided that the assured should take an itemized inventory of stock on hand within 30 days of the issuance of the policy, and that he should keep a set of books of account from date of inventory, the assured was not required to keep books of account until the inventory was taken; that the assured had the 30 days in which to take the inventory, and the loss having occurred within that time there was no requirement that books should be kept during that time, and therefore none that a safe should be kept. In *Connecticut Fire Ins. Co. v. Jeary*, 60 Neb. 338, in which there was a provision in the policy quite similar to the one now

under consideration, it was held that the provisions should be construed conjointly, and that to work a forfeiture of the policy there must be a failure to perform all the conditions named, and not any particular one of them. In *Jensen v. Palatine Ins. Co.*, 81 Neb. 523, under a similar clause it was held that the assured had one year in which to take the inventory, and he could not be said to be in default before the end of that period, and the fact that that time would reach the termination of the policy would make no difference. The policy would not be forfeited by a failure to take the inventory before the expiration of the year. In *Hanover Fire Ins. Co. v. Dole*, 20 Ind. App. 333, where there was a similar provision in the policy of insurance, it is said: "The true meaning of the clause in question is that when, by the terms of the application and policy, an inventory was made of the stock, books of accounts of purchases and sales should be kept, so that, by a reference to the inventory and such purchases and sales at any time, the amount of stock on hand could be ascertained. This was the only purpose of this provision in the policy. The requirement that an inventory should be taken, and an account of purchases and sales should be kept, are not provisions independent of each other, but are to be construed together. The policy was for a single year, and appellee had until the expiration of that year to make the inventory. He was not required to make an inventory immediately upon receipt of the policy, and was required to keep books of accounts of purchases and sales only from the time of making the inventory"—citing *Forehand v. Niagara Ins. Co.*, 58 Ill. App. 161, and *Citizens Ins. Co. v. Sprague*, 8 Ind. App. 275. See, also, *Parker v. Insurance Co.*, 143 N. Car. 339.

But it is contended by defendant that the holdings in the cases above cited cannot be applied to this case, for the reason that it is stipulated in the clause that a failure to comply with "any one of the above conditions" shall render the policy void and work a forfeiture. It is

claimed, and we think with reason, that the language of the clause should be held to embrace the taking of the inventory and its preservation with the books of accounts of purchases and sales as one provision. The purpose of the inventory and books of account is to furnish proof of the value of the stock in the case of loss. The books of account of purchases and sales could give little, if any, information as to such value, unless the value of the stock as shown by the inventory be used as a basis. Plaintiff was not in default of taking an inventory at the time of the loss; and, since books of account could be used for the purpose named only in connection with the inventory and based thereon, the lack of them was not material, and could not, in the absence of an inventory, be of any aid after loss in fixing the value of the stock. The clause must be construed as a whole, and, since no obligation to perform existed before the loss, no forfeiture occurred.

We therefore conclude that the ruling and instruction of the district court were correct, and that the judgment was right.

The judgment of the district court is

AFFIRMED.