LORENZO L. HILE, APPELLEE, v. M. N. TROUPE, COUNTY TREASURER, ET AL., APPELLANTS.

FILED APRIL 24, 1909.  No. 15,572.

1. **Forfeitures** are not looked upon with favor by the courts, and will not be enforced beyond the strict letter of the agreement.

2. **School Lands:** LEASE: FORFEITURE: REDEMPTION. A lessee of state school lands whose lease was executed pursuant to the act of February 24, 1883, agreed in writing that, "if default is made in the semiannual payments, in said lease described, I agree that this lease may be forfeited by said board without further notice to me or an action at law." *Held,* That the lessee did not thereby waive his right under the statute to redeem from the forfeiture.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. T. Thompson, Attorney General, W. B. Rose* and *Charles G. Ryan,* for appellants.

*H. M. Sinclair, contra.*

ROOT, J.

Our judgment on a former appeal of this case will be found reported in 77 Neb. 199. Upon the second hearing in the district court defendants produced a written agreement of the original lessee as follows: "This is to certify that I have leased from the board of educational lands and funds the land described in the above lease, upon the conditions in said lease mentioned; and I do hereby promise to comply with and faithfully observe all the conditions set forth in said lease. If default is made

Hile v. Troupe.

in the semiannual payments, in said lease described, I agree that this lease may be forfeited by said board without further notice to me or an action of law." The court found for plaintiff, and defendants appeal.

It is argued by defendants that the agreement above quoted stripped the lessee and his assignees of all right of redemption from a forfeiture of the lease considered herein. As demonstrated in the opinion of Mr. Commissioner Ames, 77 Neb. 199, the lessee of school lands whose rights are measured by chapter 74, laws 1883, has a vested right to redeem from a forfeiture of his lease at any time before such lands are resold or released. Section 20, ch. 74, laws 1883, required the state to notify a delinquent tenant to pay his arrearages of rent within six months of the receipt of such notice. If the lessee failed to make such payment, the state through its proper officers might at the expiration of the six months forfeit his lease. Notwithstanding said forfeiture the tenant had the right at any time before the land was resold or released to redeem therefrom and reinstate his lease by the payment of all accrued interest and costs incurred by the state. The agreement does not purport to do more than waive the notice provided by statute and any possible legal action to establish a forfeiture. Mention is not made in the instrument of any relinquishment of the right of redemption. Forfeitures are not looked upon with favor by the courts, and will not be created by intendment, nor enforced unless the court is compelled upon the facts and law to do so. *Robinson v. Cheney,* 17 Neb. 673; *Hamann v. Nebraska Underwriters Ins. Co.,* 82 Neb. 429. Appellee, although tardy in action, has brought himself within the letter of the law, and was entitled to a judgment in his favor.

The judgment of the district court is right, and is

AFFIRMED.

ROSE, J., not sitting.